■ 817 WILLOW, INC., Respondent-Appellant, v AETNA BUSINESS CREDIT, INC., Appellant, and ZORA SIGL, Respondent.—Order and judgment unanimously affirmed, with costs to respondents, on the opinion at Special Term, Aronson, J. (Appeals from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.

■ ROCHESTER INDUSTRIAL CENTER, Respondent, v SPECIALIZED WAREHOUSE ENTERPRISES CORP., Appellant. (Appeal No. 1.)—Order unanimously affirmed, with costs, on the opinion at Special Term, Kennedy, J. (Appeal from order of Monroe Supreme Court—partial summary judgment.) Present —Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA BUCKLEY, Appellant.—Judgment unanimously modified pursuant to CPL 470.15 and, as modified, affirmed, in accordance with the following memorandum: Defendant's convictions for. violations of subdivisions 2 and 5 of section 1192 of the Vehicle and Traffic Law and subdivisions 3 and 5 of section 1192 of the Vehicle and Traffic Law as felonies, and for resisting arrest (Penal Law, § 205.30) are affirmed. The court properly exercised its discretion pursuant to subdivision 1 of section 65.10 of the Penal Law in requiring as one of the conditions of its sentence of five years' probation that defendant receive psychiatric counseling from a licensed psychiatrist. It was error, however, to require treatment from a specifically named psychiatrist. Such limitation is deleted. (Appeal from judgment of Erie County Court—driving while intoxicated, etc.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.

■ JOSEPH CARUCCI et al., Doing Business as CARUCCI BROS., Respondents, v EDWARD A. HANNA et al., Defendants.—Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: Defendants have appealed from an order directing them to accept service of a tardy complaint and denying their cross motion to dismiss the action pursuant to CPLR 3012 (subd [b]). Since plaintiffs have not met their burden of showing that they have a meritorious claim the order must be reversed and the action dismissed. The issue of the alleged wrongful conduct of defendants was previously litigated in *Carucci v City of Utica* (60 AD2d 747, mot for lv to app den 44 NY2d 814, mot for rearg den 45 NY2d 776). In that proceeding it was found that defendants' actions in. letting certain city contracts were legal and proper. There having been a fair and full opportunity to litigate this issue by a party with whom the present plaintiffs are in strict privity they are foreclosed from relitigating the previous determination *(Watts v Swiss Bank Corp.,* 27 NY2d 270; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Since plaintiffs would be collaterally estopped or "issue-precluded" *(Matter of Reilly v Reid,* 45 NY2d 24, 31) from claiming that defendants acted wrongfully, they are unable to demonstrate that their claim has merit. Absent such a showing, the motion to compel defendants to accept the untimely service of plaintiff's complaint should not have been granted *(Manfreda v Kendall Agency,* 57 AD2d 727, 728). (Appeals from order of Oneida Supreme Court—serve complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.