■ In the Matter of BROOKLYN PSYCHOSOCIAL REHABILITATION INSTITUTE, INC., Petitioner, v GLORIA GOLDSTEIN, as a Justice of the Supreme Court of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit respondent Justice Goldstein from directing petitioner to retain Aurthea Brown as a resident in its facility, as was directed in a temporary restraining order dated March 28, 1984, and continued on April 4, 1984. ¶ Petition granted, on the law, without costs or disbursements, and respondent Justice Goldstein is prohibited from directing petitioner to retain Aurthea Brown and is directed to vacate her temporary restraining order dated March 28, 1984, and continued on April 4, 1984. ¶ Aurthea Brown was sentenced to a term of probation, a condition of which was that she reside at Hopper House. The condition was eventually modified to allow for her transfer to Brooklyn Psychosocial Rehabilitation Institute, Inc. (BPRI), petitioner herein, which is a voluntary agency operating a community residence facility and out-patient mental health clinic pursuant to an operating certificate issued by the New York State Office of Mental Health. BPRI informed the probation department that it intended to discharge Brown as a resident, and continue her treatment on an out-patient basis. At the probation department's request, BPRI agreed to a three-month delay in order to enable the probation department to find an alternative placement. The probation department was unsuccessful in securing such an alternative, and when Brown's discharge appeared to be imminent, the probation department obtained a temporary restraining order enjoining BPRI from releasing Aurthea Brown pending a hearing. The order was signed by respondent Goldstein, a Justice of the Supreme Court, on March 28, 1984, and said temporary restraining order was continued on April 4, 1984. Petitioner seeks to vacate that order in this proceeding, and to prohibit respondent Justice Goldstein from directing it to retain Aurthea Brown as a resident. ¶ Although a writ of prohibition is an extraordinary remedy, it may properly be invoked upon a showing that a court

is acting without jurisdiction or in excess of its authorized powers in a proceeding in which it has jurisdiction (*Matter of Dondi v Jones,* 40 NY2d 8, 13). Such a showing has been made here. ¶ The court undeniably had jurisdiction over Brown's probationary status, and could revoke or modify the conditions for continued probation (Penal Law, § 65.10; CPL 410.70). This power does not mean, however, that the court could also direct a private institution to retain a person sentenced to a term of probation when that institution determines that the person should be discharged (see *People v Buckley,* 70 AD2d 772; cf. *People v Fuller,* 57 NY2d 152). Consequently, the court exceeded its jurisdiction. The temporary restraining order is therefore invalid and respondent Justice Goldstein is directed to vacate it. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.