■ The People of the State of New York, Respondent, v Adolfo Rivera, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered December 13, 1983, as amended December 16, 1983, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Clabby, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

The evidence adduced at the pretrial hearing indicates that, at approximately 5:40 A.M. on December 6, 1982, the defendant, claiming to be a "flyer", attempted to pass through a security checkpoint located in the American Airlines Terminal building at John F. Kennedy International Airport. A security supervisor advised the defendant that the gate would not open until 6:00 A.M. Ten minutes later, however, the defendant returned and insisting that "It's time to fly", forc-

ibly pushed his way past the security supervisor and entered into a "sterile area" without having passed through the magnetometer.

A Port Authority police officer responded to the scene and went with the security supervisor to Gate 15, where they observed the defendant with an attaché case in his hand. The defendant answered the officer's inquiries in a rambling and incoherent manner, and stated that "I'm flying and I'm a giant". The officer then opened the defendant's attaché case and after observing that it contained no guns or explosives, but that it did contain packages of white powder, closed it and placed the defendant under arrest.

The defendant argues on appeal that the warrantless search of his attaché case was an unreasonable one (US Const 4th, 14th Amends; NY Const, art I, § 12) and that the product of that illegal search must therefore be suppressed (see, CPL 710.20 [1]; Mapp v Ohio, 367 US 643). We disagree.

At the time of his arrest, the defendant had just bolted past a security checkpoint at the airport, bypassing the device used to detect concealed weapons and explosives. This alone would have led a reasonable person to suspect that the defendant might have been armed. Moreover, the defendant's bizarre behavior and incoherent utterances allowed the officer to reasonably conclude not only that the defendant might have been armed, but that he might have been so deranged as to present an imminent threat to the officer's life. We fully credit the testimony of the Port Authority police officer who stated that his search of the attaché case was prompted by his concern for his own safety, and under these circumstances, the search of the defendant's attaché case was reasonable (see, People v Smith, 59 NY2d 454, 459; People v Jenkins, 119 AD2d 697, lv denied 68 NY2d 668).

We have examined the defendant's remaining contentions, including those raised by him pro se, and find them to be without merit. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.