■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE POWE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 7, 1987, convicting him of theft of services and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cohen, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the pretrial hearing indicates that at approximately 4:40 P.M. on June 19, 1985, the defendant, who was carrying a white plastic shopping bag, and a companion entered the Bergen Street subway station. After loitering for several minutes, the two proceeded onto the subway platform through an exit gate without exhibiting a pass or paying a fare. Two plain-clothes officers situated in the station witnessed these events and immediately identified themselves. As the officers approached, the defendant, who appeared "nervous" and attempted to walk away, was observed placing his hand inside the shopping bag. The defendant was placed in custody and a search of the bag uncovered a loaded handgun.

The defendant argues on appeal that since the officers would ordinarily have issued a summons for his offense, the officers' search was illegal and that the product of the search must therefore be suppressed. We disagree.

Initially, we find that the record does not support the defendant's claim that the arrest was employed as a pretext. The officers were authorized to arrest the defendant upon witnessing his unlawful entry into the subway (see, Penal Law § 165.15 [3]). Moreover, the search of the bag incident to his arrest was proper because it was motivated by the arresting officers' reasonable fear for their safety (see, People v Smith, 59 NY2d 454; People v Gokey, 60 NY2d 309; People v Rivera, 141 AD2d 572).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.