■ Frances A. Calabrese, Respondent, v Gerald L. Calabrese, Appellant.—Order insofar as appealed from unanimously affirmed without costs for reasons stated in decision at Jefferson County Family Court, Hunt, J. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Custody.) Present —Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ The People of the State of New York, Respondent, v David Horzempa, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.—Burglary, 3rd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.

■ The People of the State of New York, Respondent, v Robert Alls, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in making its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). The use for impeachment purposes of the underlying facts of the manslaughter conviction involving the rape of a young girl was proper because it indicated that defendant had placed his own interests above the interests of society. Moreover, defendant was not unduly prejudiced by the prosecutor's cross-examination about the rape. It is obvious that the jury did not infer from the cross-examination that defendant was predisposed to commit the crime of sodomy, because it acquitted defendant of that crime.

We agree with the trial court that, under the circumstances of this case, defendant was not in "custody" when he gave his statement to the correction officer *(see, United States v Conley,* 779 F2d 970, *cert denied* 479 US 830). Moreover, in view of the overwhelming proof of guilt, if the admission of defendant's statement was error, it was harmless *(see, People v Crimmins,* 36 NY2d 230). (Appeal from Judgment of Livingston County Court, Houston, J.—Assault, 2nd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.