■ In the Matter of CHARLES KEFFER, Appellant, v JAMES WILKINSON, as Superintendent of Orleans Correctional Facility, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered December 4, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to obtain 173 days' jail-time credit against his current sentence.

In April 1981, petitioner was sentenced to two concurrent prison terms of 1 to 3 years upon his conviction of the crimes of burglary in the third degree and possession of stolen property in the first degree. Petitioner was granted parole in February 1983, with almost eight months remaining on the maximum terms of his sentence. Petitioner was subsequently arrested on April 28, 1983. He was released and then arrested again on August 19, 1983. Following the second arrest, petitioner was retained in custody for approximately six months pursuant to a detainer warrant for a parole violation. His April and August 1983 arrests resulted in convictions for the crimes of criminal possession of stolen property in the second degree and criminal possession of a weapon in the third degree. On February 6, 1984, he was sentenced as a second felony offender to concurrent prison terms of 1½ to 3 years on the stolen property conviction and 2 to 4 years on the weapons conviction.

Petitioner contends that the jail time from August 22, 1983 to February 6, 1984 should be credited against his latest two sentences. However, petitioner was incarcerated during that period for parole violation, and that time was properly credited to his prior sentence *(see, Matter of Santora v Sheak,* 120 AD2d 887).

Defendant's argument that his February 6, 1984 sentence should be concurrent with his April 1981 sentence is meritless. Penal Law § 70.25 (2-a) provides that: "When an indeterminate sentence of imprisonment is imposed pursuant to section 70.04, 70.06, 70.08 or 70.10 and such person is subject to an undischarged indeterminate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court *must* impose a sentence to run consecutively with respect to such undischarged sentence" (emphasis supplied). Petitioner was sentenced as a second felony offender pursuant to Penal Law § 70.06. Accordingly, the new sentences were required to run consecutively with the undischarged portion of his prior sentences.

Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.