■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE FRANSUA, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 4, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant was found guilty after a jury trial of rape in the first degree and sodomy in the first degree. He was sentenced as a persistent felony offender to a prison term of 15 years to life on each count, both terms to run concurrently.

Defendant alleges several errors on this appeal. He contends that County Court abused its discretion in its *Sandoval* ruling by improperly permitting the People to inquire about defendant's use of weapons in two prior felony convictions. Defendant urges that the references to prior use of weapons was to prove not his lack of credibility, but rather that defendant was a person who takes what he wants by force and thus was likely to commit forcible rape and sodomy. We disagree. The court permitted the questions to an extent consistent with and appropriate to testing defendant's disposition to place his own interests over those of society in his testimony. Both crimes were of fairly recent vintage and their probative value as to his credibility outweighed their prejudicial effect *(see, People v Bennette,* 56 NY2d 142). We find the case of *United States v Gaertner* (705 F2d 210, *cert denied* 464 US 1071) not relevant since the standard involved therein is not in conformity with the New York rule.

Defendant also alleges prosecutorial misconduct in the People's summation. We find that most of the prosecutor's statements were fair comment on the inconsistencies and improbabilities of defendant's testimony. As to those statements of the prosecutor which were inappropriate, defendant did not object to them and thus waived their review on appeal. We decline to review them in the interest of justice since they do not rise

to the level which requires reversal *(see, People v Gaito,* 98 AD2d 909, 910).

Defendant also contends that defendant's guilt was not proven beyond a reasonable doubt because the People failed to prove "earnest resistance" by the victim. We note that in charging the jury, County Court used an outdated definition of forcible compulsion. The victim testified that defendant grabbed her by the hair and maintained a firm grip on her while forcing her to engage in sexual acts. These acts were sufficient to support a conviction under the definition of compulsion enunciated in Penal Law § 130.00 (8) (a) and (b) (as amended by L 1982, ch 560, § 1, eff July 22, 1982). Under the appropriate definition of forcible compulsion, the victim was not required to put up any resistance.

In view of the jury verdict, the evidence must be construed in a light most favorable to the People *(see, People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133). The victim's testimony was corroborated by the items of clothing found in the isolated, wooded area, her mental state and the numerous bruises found on her body.

Defendant contends that the sentence imposed by County Court was harsh and excessive. This is defendant's third felony conviction. The rape was cruel and brutal. We find that the sentence was appropriate under the circumstances.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.