■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIKILE WILLIAMSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Nelson, J.), rendered June 20, 1989, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the hearing demonstrated that the police approached the defendant as he was playing basketball at a high school gymnasium. Stating that they wanted to speak to him for a moment, the officers called the defendant to the sideline. One of the officers advised the defendant that he was under arrest and asked him where the clothes were that he had worn earlier that afternoon. After the defendant replied that his clothes were in a closed gym bag which was lying on the floor some 15 feet away, the officer retrieved the bag. The officers then read the defendant his *Miranda* rights, placed him in the patrol car, and brought him, along with the gym bag, back to headquarters. Once there the gym bag was searched and its contents itemized.

The custodial interrogation of the defendant by the arresting officer prior to advising him of his Fifth Amendment rights was patently improper *(see, Miranda v Arizona,* 384 US 436, 444; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Rodney P.,* 21 NY2d 1). The gym bag and its contents should therefore properly have been suppressed as the fruit of this improper interrogation *(see, Wong Sun v United States,* 371 US 471, 484-486; *cf., New York v Quarles,* 467 US 649). In addition, the warrantless search of the gym bag at the police station was not justified, no exigent circumstances having been present *(see, People v Gokey,* 60 NY2d 309; *People v Ruffin,* 133 AD2d 425; *cf., People v Smith,* 59 NY2d 454; *People v Johnson,* 59 NY2d 1014; *People v Powe,* 148 AD2d 756). However, under the facts of this case, the erroneous admission into evidence of the gym bag and its contents was clearly

harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237). The items in question simply did not tend to prove any material facts in dispute *(cf., People v Rojas,* 163 AD2d 1).

The trial court did not improvidently exercise its discretion in ruling that the People would be permitted to inquire into the facts of the defendant's recent conviction for attempted robbery in the second degree *(People v Allen,* 165 AD2d 786, 788). As the court noted, evidence of this conviction was highly probative of the defendant's credibility because it related to his willingness to place his own interests above those of society *(see, People v Ellis,* 162 AD2d 611). The mere fact that both the prior crime and the instant crime involved the use or threat of force does not of itself prevent inquiry into the prior conviction *(see, People v Alls,* 170 AD2d 996; *People v Natal,* 144 AD2d 587, *affd* 75 NY2d 379, *cert denied* — US —, 111 S Ct 169; *People v Fransua,* 135 AD2d 909; *cf., People v Duell,* 163 AD2d 866).

Viewing the complainant's testimony in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the element of forcible compulsion beyond a reasonable doubt *(see,* Penal Law § 130.00 [8]; *People v Queener,* 166 AD2d 915; *People v Thompson,* 158 AD2d 563). The defendant's assertions to the effect that the People failed to prove "earnest resistance" by the victim are meritless *(see, People v Fransua, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.