■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SEIFERT, Appellant. [619 NYS2d 86] —Appeal by the

defendant (1) from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered June 12, 1991, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence; and (2) by permission, from two orders of the same court dated March 22, 1993, and May 7, 1993, respectively, which denied his motions pursuant to CPL 440.20, to set aside his sentence as a persistent violent felony offender.

Ordered that the judgment and the orders are affirmed.

The defendant was convicted in 1991 of assault in the first degree, and was sentenced as a persistent violent felony offender. On the instant appeal, he argues that one of his prior felony convictions, i.e., a 1979 conviction of the class E felony of attempted criminal possession of a weapon in the third degree, upon his guilty plea, was, under the facts of this case, improperly considered by the sentencing court as a violent felony *(see,* Penal Law § 70.02 [1] [d]; CPL 220.10 [5] [d] [iii]).

The defendant's argument is without merit.

The defendant's 1979 conviction was found to constitute a violent felony in 1987, when the defendant was sentenced as a second violent felony offender. CPL 400.15 (8) provides as follows: "Subsequent use of predicate violent felony conviction finding. Where a finding had been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise".

In *People v Cole* (165 AD2d 737), the defendant was sentenced in 1987 as a persistent violent felon. On appeal, the defendant argued that the trial court erred in refusing to grant him an adjournment of sentencing in order to challenge a 1979 conviction which had been found to constitute a predicate violent felony in 1983. The Court rejected the argument, holding: "CPL 400.15 (8) provides that once a finding has been entered pursuant to that section, the finding is binding in any future proceeding where the issue may arise" *(People v Cole, supra,* at 738).

Accordingly, the Supreme Court properly sentenced the defendant as a persistent violent felony offender.

We have examined the defendant's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.