■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL HANNON, Respondent. [618 NYS2d 785] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered January 24, 1992, which, following a bench trial, convicted defendant of two counts of criminal possession of a weapon in the third degree and resisting arrest and sentenced him to five years probation and enrollment in an alcohol rehabilitation program, unanimously modified, on the law, the sentence is vacated, and defendant is remanded for resentencing in accordance herewith.

Penal Law § 70.06 mandates the imposition of an enhanced sentence on a defendant who is determined to be a second felony offender. The burden is on the People to prove, beyond a reasonable doubt, the existence of a previous felony conviction (CPL 400.21 [7] [a]; *People v Harris,* 61 NY2d 9, 15; *People v Jensen,* 163 AD2d 420, *lv denied* 76 NY2d 940). Once the existence of a prior conviction has been established, it is then incumbent upon the defendant to allege, and prove, that the conviction was unconstitutionally obtained (CPL 400.21 [7] [b]; *People v Harris, supra; People v Smalls,* 201 AD2d 333, 334 *lv denied* 84 NY2d 832; *People v Barrino,* 201 AD2d 278, *lv denied* 83 NY2d 849).

The People herein established that defendant had previously been convicted of a Class E felony pursuant to the Vehicle and Traffic Law. The trial court, however, refused to sentence defendant as a second felony offender because it found his plea on the earlier conviction was fundamentally insufficient. This was error.

A review of the record of defendant's prior plea refutes the court's finding and makes it abundantly clear that defendant was aware he was pleading guilty to a felony, as he was advised of that fact three times by the court.

Likewise, the trial court's refusal to consider defendant's prior conviction because defendant was not advised of his right against self-incrimination, or that he could receive enhanced punishment on a subsequent felony conviction, was error. There is no "uniform mandatory catechism of pleading defendants," so long as it is demonstrable that the plea was voluntary, knowing and intelligent *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Fiumefreddo,* 82 NY2d 536, 543; *People v Harris, supra,* at 16-17; *People v Reyes,* 202 AD2d 190, *lv denied* 83 NY2d 1006).

Defendant's predicate conviction is not constitutionally invalid because the court did not specifically inform him of his right against self-incrimination and thereafter receive an express waiver of that privilege from defendant *(People v Harris, supra,* at 21; *People v Bray,* 154 AD2d 692, *lv denied* 75 NY2d 767).

With regard to the trial court's holding that the prior plea was insufficient because defendant was not advised he could receive enhanced punishment upon a future conviction, this was clearly error as a matter of law. As we have previously held: "The predicate consequences of a felony conviction can

be of no significance to a defendant unless he is bent on a life of crime. We cannot accept as a serious proposition that a defendant not so inclined would actually consider rejecting an offered plea upon the basis of advice that by accepting it he would be exposing himself to enhanced penalties 'the next time around'." *(People v Silvers,* 163 AD2d 71, 72; *see also, People v McGrath,* 43 NY2d 803; *People v Barnes,* 202 AD2d 350, *lv denied* 83 NY2d 908.)

In sum, defendant's prior plea as evidenced by the record was knowingly, voluntarily and intelligently entered. Defendant knowingly acknowledged his desire to plead guilty; admitted the details of his crime; acknowledged and waived his right to a trial by jury, where the People would have the burden of proving his guilt; and acknowledged and waived his right to question the People's witnesses, his right to call witnesses, and his right to testify. Defendant further stated that he was pleading guilty voluntarily, that no one had forced him to enter the plea and he acknowledged the maximum sentence for his conviction and averred that the reduced sentence was the only promise made to him. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.