OPINION OF THE COURT
 

 Wesley, J.
 

 Defendant was indicted for criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) on September 3, 1996. Following arraignment, defendant negotiated a plea agreement under which he would be allowed to enter a plea to attempted criminal possession of a weapon in the third degree and would be sentenced as a persistent violent felony offender to a prison term of four years to life.
 

 On December 4, 1996, defendant pleaded guilty to the reduced charge in full satisfaction of the indictment and admitted the allegations of the persistent violent felony offender statement filed by the District Attorney. He was then sentenced by the court in accordance with the plea agreement.
 

 On appeal, defendant challenges the legality of his sentence, as a persistent violent felony offender, to an indeterminate term of imprisonment of four years to life. Because Penal Law § 70.08 (3) does not explicitly provide a statutory minimum sentence for a class E persistent violent felon, the trial court imposed as the minimum sentence a period of incarceration authorized by Penal Law § 70.04 (3) (d) for a class E second violent felony offender. The Appellate Division affirmed.
 

 In
 
 People v Green
 
 (68 NY2d 151), the defendant argued that the Legislature’s failure to prescribe a minimum sentence for class E persistent violent felony offenders in Penal Law § 70.08
 
 *88
 
 created a gap in the statute that the judiciary had no authority to fill. Rejecting the argument, this Court concluded that application of the statutory minimum sentence for class E second violent felony offenders (at that time two years) was an appropriate construction of the Penal Law. “Any other construction would impede the legislative intent to permit enhanced sentencing for defendants who persist in committing serious crimes”
 
 (People v Green, supra,
 
 68 NY2d, at 153).
 

 Subsequent to our decision in
 
 Green,
 
 the Legislature amended the Penal Law to establish determinate sentences for second violent felony offenders and to increase the minimum sentences for persistent violent felons
 
 (see,
 
 L 1995, ch 3). In addition, after the 1995 amendments persistent violent felony offenders must serve the entire statutory minimum term, while second violent felony offenders are eligible for a good behavior allowance after serving six-sevenths of their determinate sentence (Correction Law § 803).
 

 Defendant argues that these changes render the
 
 Green
 
 rationale inapposite here, and thus there is once again a gap in the statute which can only be filled by applying the pre-1995 minimum sentence — i.e., two years. We disagree. The courts below properly construed
 
 People v Green
 
 as holding that the amended determinate sentence for class E second violent felony offenders should also be applied as the minimum sentence for class E persistent violent felony offenders.
 

 Defendant negotiated a plea to attempted criminal possession of a weapon in the third degree to satisfy the indictment. Attempted criminal possession of a weapon is the only enumerated class E violent felony offense
 
 (see,
 
 Penal Law § 70.02 [1] [d]). Notably, under the explicit statutory terms, this crime is only an E violent felony offense for pleading purposes — it can only be utilized as part of a plea agreement to avoid the harsher penalty applicable to the class D violent felony offense of criminal possession of a weapon in the third degree
 
 (see,
 
 Penal Law § 70.02 [1] [d]). A persistent violent felony offender convicted of a class D felony faces a minimum term of 12 years imprisonment (Penal Law § 70.08 [3] [c]). The statute gave defendant clear notice of his exposure.
 

 Defendant was also on notice that the maximum term he faced as a persistent offender was life imprisonment (Penal Law § 70.08 [2]). Defendant’s argument that he should receive a minimum sentence of two years overlooks the clear legislative goal (reiterated and amplified by the 1995 amendments) to
 
 *89
 
 provide enhanced sentences for persistent violent felons
 
 (People v Green, supra,
 
 68 NY2d, at 153). Indeed, defendant’s position would result in making a class E persistent violent felony offender eligible for release after a shorter period of incarceration than a class E second violent felony offender. In
 
 Green
 
 we rejected the notion that the legislative purpose behind the sentencing laws can be so facilely turned on its head. Moreover, the sentence here is consistent with the over-all scheme of the 1995 amendments, which substantially increased the minimum terms for all persistent violent felony offenses.
 

 Finally, the fact that defendant is not eligible for the good behavior deduction provided under Correction Law § 803 is a distinction without a difference; this contingent allowance is not part of the sentence itself. Defendant had notice that his status as a persistent violent felony offender would render him ineligible to receive the potential benefit of the statute (see, Correction Law § 803 [1] [a]).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed.