**Stephen SEIFERT, Petitioner,**

v.

**John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent.**

**No. 97–CV–749 (ARR).**

United States District Court,
E.D. New York.

July 27, 1999.

Jason Solotaroff, New York City, for petitioner.

Melissa M. Beck, Brooklyn, NY, for respondent.

## OPINION AND ORDER

ROSS, District Judge.

On February 14, 1997, petitioner Stephen Seifert filed a petition for a writ of *habeas corpus* attacking his 1987 conviction of Attempted Robbery in the Second Degree and his 1991 conviction of Assault in the First Degree. For the reasons set forth below, the court denies Seifert's petition.

## I  Background

As the result of an incident on December 24, 1977, the petitioner was charged *inter alia* with Criminal Possession of a Weapon in the Second Degree. *See* Pet. Memo., 5/27/99, 2; Resp.Memo., 10; Resp.Affid., Exh. A at 6–8. On September 27, 1978, petitioner pled guilty to Attempted Criminal Possession of a Weapon in the Third Degree. *See* Pet.Memo., 5/27/99, 2; Resp.Memo., 10; 1978 Plea Mins., *available at* Resp.Affid., Exh. X. As a result of the plea, petitioner was sentenced to one and one/half (1½) to three (3) years imprisonment. *See* Pet.Memo., 5/27/99, 2; Resp. Memo., 10.

In 1986, the petitioner was indicted on charges, *inter alia,* of Attempted Robbery in the First Degree. *See* Resp.Memo., 13, Pet.Memo., 5/27/99, 3. On March 9, 1987, petitioner, represented by attorney Lisa Scolari, pled guilty to Attempted Robbery in the Second Degree under the understanding that he would be sentenced to two and one-half (2½) to five (5) years. *See* Resp.Memo., 13; 1987 Plea Mins., *available at* Resp. Letter, 12/31/98; Pet.Memo, 5/27/99, 3. At the same proceeding, the state court advised the petitioner that the district attorney had filed a statement, pursuant to N.Y.Crim.Proc.Law § 400.21, alleging that petitioner had been convicted of a predicate violent felony, rendering him a second violent felony offender. *See* 1987 Plea Mins., at 6–8, *available at* Resp. Letter, 12/31/98. After petitioner declined to

controvert any allegation made in the statement, the court found petitioner to be a second violent felony offender. *See id.* at 9. On March 30, 1987, the court sentenced petitioner to an indeterminate prison term of two and one-half (2½) to five (5) years, to run concurrently with a prison term then being served by petitioner. *See* 1987 Sent.Mins., *available at* Resp. Letter, 12/31/98. Though petitioner filed a notice of appeal, his appointed attorney withdrew the appeal. *See* Resp.Memo., 6; *People v. Seifert,* Mot. No. 5590 (2d Dept. Aug. 10, 1988), *available at* Resp. Letter, 12/31/98; Pet.Memo., 5/27/99, 3.

In 1990, the petitioner was again indicted, this time for Attempted Murder in the Second Degree and three counts of Assault in the First Degree. *See* Resp.Affid., ¶ 4; Pet.Memo., 5/27/99, 3. On May 24, 1991, the petitioner pled guilty to one count of Assault in the First Degree with the expectation of receiving a sentence of nine (9) years to life. *See* Resp.Affid., ¶ 5; 1991 Plea Mins., *available at* Resp.Affid., Exh. W; Pet.Memo., 5/27/99, 3. After taking petitioner's plea, the state court informed petitioner that the district attorney had filed a statement alleging that petitioner had previously been convicted on two violent felonies, namely the 1978 and 1987 convictions. *See* 1991 Plea Mins., at 10–11, *available at* Resp.Affid., Exh. W. After the petitioner declined to dispute any of the allegations in that statement, the court determined him to be a persistent violent felony offender. *See id.* at 11. However, the court expressly based its decision on erroneous information that the petitioner had pled guilty to Attempted Criminal Possession of a Weapon in the Third Degree from an indictment charging Criminal Possession of a Weapon in the *Third Degree. See id.* at 12–13. The court refused petitioner's attorney request that the court hold the determination in abeyance pending verification of that information, though the court agreed that it would revise its determination if necessary. *See id.* On June 12, 1991, the court confirmed its de-

termination that petitioner was a persistent violent felony offender. *See* 1991 Sent.Mins., at 2, *available at* Resp.Affid., Exh. W. After petitioner's counsel informed the court that there was no reason why sentence should not be imposed immediately, the court sentenced the petitioner to an indeterminate prison term of nine (9) years to life. *See id.* at 2–3.

On October 29, 1992, pursuant to N.Y.Crim.Proc.Law § 440.20, the petitioner moved the trial court to set aside his 1991 sentence on the ground that he was improperly designated a persistent violent felony offender in 1987. *See* Pet. 440.20 Motion, 10/29/92, *available at* Resp.Affid., Exh. A. In a decision rendered on March 22, 1993, the court denied petitioner's motion as barred by N.Y.Crim.Proc.Law § 400.15(8), which provides that a predicate violent felony offender finding is "binding upon that defendant in any future proceeding in which the issue may arise." *See People v. Seifert,* Ind. No. 10516/90 (Sup.Ct. Kings Cty. March 22, 1993), *available at* Resp.Affid., Exh. C. The Appellate Division allowed petitioner to consolidate his appeal from the denial of his 440.20 petition with the direct appeal of his conviction.

On direct appeal, petitioner's attorney argued that the trial court erred in refusing petitioner an opportunity to withdraw his plea after the court declined to revise its persistent violent felony offender finding. *See* Pet.App. Brief, *available at* Resp.Affid., Exh. E. In a supplemental *pro se* brief, petitioner added that the trial court erred in failing to recognize and grant his challenge to the 1987 predicate violent felony finding. *See* Pet.Supp.App. Brief, *available at* Resp.Affid., Exh. G. On November 14, 1994, the Appellate Division denied petitioner's direct appeal and the appeal of the denial of his 440.20 motion, holding that, as a result of N.Y.Crim.Proc. Law § 400.15(8), "the Supreme Court properly sentenced the defendant as a persistent violent felony offender." *People v. Seifert,* 209 A.D.2d 555, 556, 619 N.Y.S.2d

86 (2d Dept.1994). On March 10, 1995, petitioner's application for leave to appeal the decision to the Court of Appeals was denied. *See People v. Seifert,* 85 N.Y.2d 914, 627 N.Y.S.2d 337, 650 N.E.2d 1339 (1995).

On January 31, 1995, pursuant to N.Y.Crim.Proc.Law § 440.20, the petitioner moved the trial court to set aside his 1987 sentence and, in particular, the 1987 predicate violent felony determination, on the ground of ineffective assistance of counsel. *See* Pet. 440.20 Motion, 1/31/95, *available at* Resp.Affid., Exh. I. On May 19, 1995, the trial court denied petitioner's motion, holding that petitioner's trial counsel did not render ineffective assistance. *See People v. Seifert,* Ind. No. 436/86 (Sup. Ct. Kings Cty. May 17, 1995), *available at* Resp.Affid., Exh. K. In so holding, the court pointed out that whether petitioner's 1978 conviction qualifies as a predicate violent felony was at the time of sentencing (and remains) a complicated and open question. *See id.* at 6–7. As a result, if convicted, the petitioner was faced with a maximum sentence of at least seven and one-half (7½) to fifteen (15) years as a second felony offender and at worst twenty-five (25) years to life as a persistent violent felony offender. *See id.* at 8. According to the trial court, petitioner's counsel did not render ineffective assistance in negotiating a plea of two and one-half (2½) to five (5) years, to run concurrently with a sentence the petitioner was then serving, whether or not counsel was aware of the argument against the predicate violent felony determination. *See id.* at 9.

On June 6, 1995, petitioner filed a motion with the Appellate Division requesting (1) leave to appeal the denial of his 440.20 motion and/or (2) a writ of error *coram nobis* on the basis of ineffective assistance of appellate counsel after his 1987 conviction. *See* Pet. 440.20 Motion, 6/6/95, *available at* Resp.Affid., Exh. L. On July 25, 1995, the Appellate Division denied petitioner's application without directly addressing his petition for a writ of error

*coram nobis.*[1] *See People v. Seifert,* App. No. 95–05609 (2d Dept. July 25, 1995), *available at* Resp.Affid., Exh. O. On November 14, 1995, pursuant to N.Y.Crim. Proc.Law § 440.20, the petitioner moved the trial court to set aside his 1991 sentence on the grounds of ineffective assistance of trial counsel. *See* Pet. 440.20 Motion, 11/14/95, *available at* Resp.Affid., Exh. P. On March 21, 1996, the petitioner's 440.20 motion was denied. *See People v. Seifert,* Ind. No. 10516/90 (Sup.Ct. Kings Cty. March 21, 1996), *available at* Resp.Affid., Exh. R. On April 9, 1996, petitioner again filed a motion with the Appellate Division requesting (1) leave to appeal the denial of his 440.20 motion and/or (2) a writ of error *coram nobis* on the basis that the Appellate Division effectively denied him the assistance of counsel by refusing his counsel's request for an extension of time. *See* Pet. Motion, 4/9/96, *available at* Resp.Affid., Exh. S. Again, the Appellate Division denied petitioner's application without directly addressing his petition for a writ of error *coram nobis.*[2] *See People v. Seifert,* App. No. 96–03508 (2d Dept. June 4, 1996), *available at* Resp.Affid., Exh. V.

On February 14, 1997, petitioner filed the instant petition for a writ of *habeas corpus* challenging his 1987 conviction of Attempted Robbery in the Second Degree and his 1991 conviction of Assault in the First Degree. *See* Petition. Petitioner asserted four claims in support of his petition: (1) ineffective assistance of trial counsel at his 1987 conviction, (2) ineffective assistance of appellate counsel during appeal from his 1987 conviction, (3) ineffective assistance of trial counsel at his 1991 conviction, and (4) ineffective assistance of appellate counsel during appeal from his 1991 conviction. *See* Pet.Memo., 2/14/97. The respondent has opposed the petition-

er's petition both on the merits and as partially unexhausted. *See* Resp.Memo.

## II  Analysis

### A  Exhaustion

The respondent first contends that the petitioner has failed to exhaust his state remedies with regard to his two claims of ineffective assistance of appellate counsel. Respondent admits that petitioner submitted motions for writs of error *coram nobis* with regard to each of his claims of ineffective assistance of appellate counsel. *See* Resp.Memo., 4–6. However, according to respondent, since the Appellate Division did not actually consider petitioner's claims, petitioner has not exhausted the state remedies available to him. The court does not agree.

In *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978), the U.S. Supreme Court was presented with a similar argument. In *Digmon,* the Alabama Court of Criminal Appeals denied Smith's appeal without commenting upon the contention presented in Smith's brief that his constitutional rights were violated by impermissible identification procedures. *See id.* at 333. In rejecting respondent's argument that Smith had thus failed to exhaust his state remedies, the Supreme Court stated that "it is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief ... and, indeed, in this case, vigorously opposed in the State's brief." *Id.* at 333, 98 S.Ct. 597. Moreover, in *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), the Supreme Court reiterated its rejection of the petitioner's expansive interpretation of the ex-

---

1.  From exhibits submitted to the court by the respondent, it appears that the Appellate Division and the respondent overlooked the petitioner's request for a writ of *error coram nobis. See* Resp.Affid., Exhs. M–O.

2.  Again, it appears that the Appellate Division may have overlooked Seifert's petition for a writ of error *coram nobis. See* Resp.Affid., Exhs. T, V.

haustion requirement. The *Castille* court recognized that a petitioner has satisfied the exhaustion requirement "where the claim has been presented as of right but ignored...." *Id.* at 351, 109 S.Ct. 1056.

In this case, it is undisputed that petitioner squarely raised both ineffective assistance of appellate counsel claims to the proper court—the Appellate Division— through the proper procedural vehicle—an application for a writ of error *coram nobis*.[3] See *People v. Bachert*, 69 N.Y.2d 593, 600, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987) (writ of error *coram nobis* proper vehicle to raise ineffective assistance of appellate counsel claim); *Garcia v. Keane*, 973 F.Supp. 364, 371 (S.D.N.Y.1997) (Appellate Division proper court for presentation of ineffective assistance of appellate counsel claim). Applying the Supreme Court's holding in *Digmon* and reasoning in *Castille* to the case at hand, the court finds that the petitioner satisfied the exhaustion requirement by properly presenting his claims of ineffective assistance of appellate counsel to the Appellate Division even though the Appellate Division did not specifically address the claim. *See Aparo v. Superior Court*, 956 F.Supp. 118, 120 (D.Conn.1996) (holding that petitioner exhausted claim through proper presentation even though state court did not refer to claim in denying appeal); *Meggett v. Miller*, 1994 WL 808048, at *5 (S.D.N.Y.1994) (exhaustion requirement satisfied where claim presented "in a procedural context in which the state courts may be expected to consider the claim"); *Biller v. Lopes*, 655 F.Supp. 292, 300 (D.Conn.1987) (federal *habeas* court may review claim presented to state court even if not specifically addressed by state court). As a result, the respondent's exhaustion argument must be rejected.

**B   Merits Review**

The petitioner has asserted four claims in support of his petition for a writ of *habeas corpus*. The court will address each of the four claims in turn.

**1   Ineffective Assistance of Trial Counsel at 1987 Conviction**

In his petition, Seifert first alleges that his trial counsel at his 1987 conviction rendered him ineffective assistance in advising him to plead guilty to Attempted Robbery in the Second Degree with a term of imprisonment of two and one-half (2½) to five (5) years, to run concurrently with a different prison term then being served by petitioner, and counseling him not to controvert the government's predicate felony offense statement. According to petitioner, his trial counsel should have disputed the predicate felony offense statement on the ground that his 1978 conviction of Attempted Criminal Possession of a Weapon in the Third Degree was not a violent felony. In support of this contention, plaintiff points out that Attempted Criminal Possession of a Weapon in the Third Degree "constitutes a violent felony only when the defendant has been initially charged with criminal possession of a weapon in the *third* degree and pleads guilty to the attempted crime as a lesser included offense." *People v. Lopez*, 158 A.D.2d 718, 718, 552 N.Y.S.2d 165 (2d Dept.1990) (citing N.Y.Penal Law § 70.02(1)(d) and *People v. Morse*, 62 N.Y.2d 205, 226, 476 N.Y.S.2d 505, 465 N.E.2d 12 (1984)) (emphasis added); *accord People v. Tolbert*, 93 N.Y.2d 86, 88, 688 N.Y.S.2d 105, 710 N.E.2d 669 (1999) ("under the explicit statutory terms, this crime is only a[ ] violent felony offense ... [when] utilized as part of a plea agreement to avoid the harsher penalty applicable to ... criminal possession of a weapon in the *third* degree") (emphasis added). In the

---

**3.** Moreover, with regard to petitioner's second application for a writ of error *coram nobis*, the state provided the Appellate Division with arguments responding to petition-

er's claim of ineffective assistance of appellate counsel. *See* Resp. 440.20 Answer, 5/15/96, *available at* Resp.Affid., Exh. U.

case resulting in petitioner's 1978 conviction, he was initially charged with criminal possession of a weapon in the *second* degree rather than *third* degree. Petitioner's counsel at his 1987 conviction did not make this argument at sentencing nor, according to petitioner, did she alert petitioner to the argument prior to his plea. In reply, the respondent argues that (1) the petitioner's 1978 conviction was properly considered a predicate violent felony and (2) even if the conviction was improperly considered a predicate violent felony, the petitioner's counsel did not provide ineffective assistance.

Where a habeas petitioner seeks to overturn a conviction on the ground of ineffective assistance of counsel, he must prove that his counsel's performance fell below an objective standard of reasonableness and that he has been prejudiced by that performance. *See Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In asserting that counsel's performance was deficient, a petitioner must overcome a strong presumption that counsel made appropriate decisions and rendered reasonable professional judgment. *See id.* at 690, 104 S.Ct. 2052. In the context of a guilty plea, the prejudice prong of the *Strickland* standard is satisfied if "there is reasonable probability that but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Tate v. Wood,* 963 F.2d 20, 26 (2d Cir.1992) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

It is not clear from the parties' submissions whether petitioner's failure to dispute the predicate violent felony determination constituted part of the plea agreement. Depending on the resolution of this question, the case presents different issues. If petitioner's failure to dispute the predicate violent felony determination constituted part of the plea agreement, the effectiveness of counsel's assistance turns on the reasonableness of the strategic decision to accept the plea. On the other hand, if petitioner's failure to dispute the predicate violent felony determination did not constitute part of the plea agreement, then the effectiveness of counsel's assistance turns solely on the reasonableness of counsel's failure. The court will address each issue in turn.

a   Failure to Controvert Predicate Violent Felony Statement as Part of Plea Agreement

█ The court will first address whether counsel rendered ineffective assistance in failing to controvert the government's predicate felony statement if this failure was a term of the plea agreement. In addressing this question, the court begins by noting that the petitioner's argument that his 1978 conviction does not constitute a predicate violent felony is not a clear winner. First, the petitioner has not cited and the court has not found any case law *directly* holding that a guilty plea to third degree attempted weapon possession from an indictment charging second degree weapon possession cannot constitute a predicate violent felony.[4] *See People v. Seifert,* Ind. No. 436/86, 6 (Sup.Ct. Kings Cty. May 17, 1995) ("Whether a plea to Attempted Criminal Possession of a Weapon in the Third Degree ... is a violent felony offense when the plea is from an

---

4. The cases cited by petitioner in support of his argument do not directly control the instant situation. In *Tolbert,* 93 N.Y.2d 86, 688 N.Y.S.2d 105, 710 N.E.2d 669, though the Court of Appeals made statements helpful to petitioner in *dicta,* the case's holding merely established that the persistent violent felony offender statute provided sufficiently clear notice of the applicable sentence range. *See id.* at 88–89, 688 N.Y.S.2d 105, 710 N.E.2d 669.

Similarly, in *Lopez,* 158 A.D.2d 718, 552 N.Y.S.2d 165, the Appellate Division provided a *dicta* statement supporting the petitioner's argument, but the case held only that a plea to third degree attempted weapon possession does not constitute a predicate violent felony where the defendant was not charged with a completed weapon possession offense. *See id.* at 718–19, 552 N.Y.S.2d 165.

indicted charge higher than Criminal Possession of a Weapon in the Third Degree is an open question."), *available at* Resp.Affid., Exh. K. Second, New York courts' *dicta* statements do not provide clear guidance regarding the issue. *Compare, e.g., Tolbert,* 93 N.Y.2d at 88, 688 N.Y.S.2d 105, 710 N.E.2d 669 (stating that third degree attempted weapon possession is violent felony offense only "as part of a plea agreement to avoid ... [the] offense of criminal possession of a weapon in the *third degree*") (emphasis added), *and Lopez,* 158 A.D.2d at 718, 552 N.Y.S.2d 165, *with People v. Dickerson,* 85 N.Y.2d 870, 872, 626 N.Y.S.2d 50, 649 N.E.2d 1194 (1995) (stating that third degree attempted weapon possession is violent felony offense where pled to "as a lesser included offense under an indictment charging a *greater offense*") (emphasis added). Moreover, though New York courts have tended to construe N.Y.Penal Law § 70.02 strictly in deciding what constitutes a predicate violent felony, *see id.* at 871–72, 626 N.Y.S.2d 50, 649 N.E.2d 1194; *Lopez,* 158 A.D.2d at 718–19, 552 N.Y.S.2d 165, the cases illustrating this tendency were decided after 1987, when the representation in question was rendered. The court cannot fault petitioner's counsel for failing to predict the genesis of this trend. *See Jameson v. Coughlin,* 22 F.3d 427, 429 (2d Cir.1994); *United States v. Jones,* 918 F.2d 9, 11–12 (2d Cir.1990); *accord People v. Baldi,* 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981).

Most importantly, as noted above, petitioner was indicted in 1986 on charges,

*inter alia,* of Attempted Robbery in the First Degree, a class C felony. *See* N.Y.Penal Law §§ 110.05, 160.15. From the perspective of petitioner's counsel at that time, even if petitioner were not considered a second or persistent violent felony offender, petitioner faced a maximum sentence of six (6) to fifteen (15) years imprisonment if convicted of first degree attempted robbery.[5] *See id.; see also* N.Y.Penal Law § 70.06. Moreover, such a sentence would, in all likelihood, have run consecutively to the sentence petitioner was then serving as the result of a Queens County conviction. *See Keffer v. Wilkinson,* 122 A.D.2d 475, 476, 504 N.Y.S.2d 864 (3d Dept.1986); N.Y.Penal Law § 70.25(2–a). Pursuant to the plea negotiated by his counsel, petitioner was convicted of a Class D felony and received a sentence of two and one-half (2½) to five (5) years, to run *concurrently* with his Queens County sentence. Given the favorable nature of petitioner's plea, the court cannot say that counsel's performance was deficient, even if part of the bargain was to forego his substantial—though not conclusive—argument that his prior 1978 conviction was not a predicate violent felony.[6] *See People v. Crippa,* 245 A.D.2d 811, 812, 666 N.Y.S.2d 781 (3d Dept.1997) (no ineffective assistance despite failure to challenge predicate felony statement where counsel negotiated "favorable" plea reducing defendant's prison exposure); *People v. Barton,* 200 A.D.2d 888, 888, 606 N.Y.S.2d 842 (3d Dept.1994) (same); *cf. People v. Chevalier,* 226 A.D.2d 925, 929, 641 N.Y.S.2d 433 (3d Dept.1996) (no ineffective assistance

---

**5.** In computing this figure, the court assumes that petitioner would have been sentenced, at the least, as a second felony offender since he was convicted of a felony in 1978, less than ten years prior to the attempted robbery. *See* N.Y.Penal Law § 70.06. Obviously, if he was convicted of first degree attempted robbery as a persistent felony offender or a second violent felony offender, his sentence would have been even longer. *See* N.Y.Penal Law §§ 70.04, 70.10.

**6.** Petitioner contends that his 1987 trial counsel was unaware of the strong argument that

his 1978 conviction did not constitute a predicate felony conviction. *See* Pet.Memo., 5/27/99, 18 n. 5. According to petitioner, had counsel been aware of the argument, she "*might* have secured an even more favorable plea disposition." *Id.* (emphasis added), However, not only is this argument speculative, but it is premised upon a misunderstanding of the level of legal representation guaranteed by the Sixth Amendment. The proper Sixth Amendment standard is not perfect assistance but "reasonably effective assistance." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

because reduction from class C felony with prospect of 6 to 15 years imprisonment to class D felony with 2 to 4 year sentence is "favorable" plea).

█ Petitioner also claims that, even if the plea was favorable, his counsel rendered ineffective assistance by failing to inform petitioner of the future sentencing consequences of failing to controvert the predicate felony statement. However, "[a] lawyer's failure to warn her client that his present conviction could subject him to an enhanced sentence in the future if he commits another crime does not constitute deficient performance nor does it prejudice the defendant." *Sito v. Senkowski,* 1998 WL 120293, at *1 (E.D.N.Y.1998); *accord People v. Hannon,* 209 A.D.2d 319, 320–21, 618 N.Y.S.2d 785 (1st Dept.1994); *cf. United States v. Salerno,* 66 F.3d 544, 550–51 (court accepting plea need not inform defendant of plea's collateral consequences, including possibility of enhanced sentence for future crime). In this case, the court cannot find that petitioner's counsel rendered ineffective assistance by not warning him that failing to controvert the predicate felony statement would result in harsher sentences for future crimes. As a result, to the extent that failing to controvert the predicate violent felony determination was part of the plea agreement, petitioner's counsel at his 1987 conviction did not render ineffective assistance.

b  Failure to Controvert Violent Felony Offender Statement Where Not Part of Plea Agreement

█ If failing to controvert the government's violent felony offender statement was not part of the plea agreement, however, the court's analysis turns on different considerations. After all, to the extent that the prior violent felony determination is separate from the plea agreement, petitioner's counsel could not have made a strategic decision to forego arguments controverting the prior violent felony statement as part of a favorable

plea deal. As a result, the court must determine (1) whether counsel's failure to challenge the predicate violent felony statement fell below an objective standard of reasonableness and (2) whether petitioner was prejudiced by that performance. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *United States v. Workman,* 110 F.3d 915, 920 (2d Cir.1997) (applying *Strickland* test to claim of ineffective assistance at sentencing).

In assessing the performance of petitioner's counsel under *Strickland*'s first prong, the court must judge counsel's conduct "on the basis of the facts of the particular case, viewed as of the time of counsel's conduct, ... and may not use hindsight to second guess [her] strategy choices. Counsel is not required to forecast changes in the governing law." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994) (quotations and citations omitted). As noted above, in asserting ineffective assistance, the petitioner must overcome a strong presumption that counsel made appropriate decisions and rendered reasonable professional judgment. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. The key question is whether petitioner has sufficiently demonstrated that counsel's failure to advise petitioner to controvert the predicate violent felony statement fell "outside the wide range of professionally competent assistance." *Claudio v. Scully,* 982 F.2d 798, 805 (2d Cir.1992).

Petitioner asserts that the argument ignored by his counsel flows directly from the text of the statute. Under New York law, the Class E felony conviction that constitutes a violent felony offense is "an attempt to commit any of the felonies of criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02 as a lesser included offense of that section...." N.Y.Penal Law § 70.02(d). Section 265.02 is the penal law that defines the crime of criminal possession of a weapon in the third degree. *See* N.Y.Penal Law § 265.02. According to petitioner, the plain

meaning of § 70.02—in particular, its cross-reference to § 265.02 without mention of § 265.03, the statute defining second degree weapon possession—clearly signifies that a guilty plea of attempted third degree weapon possession from an indictment charging second degree weapon possession does not constitute a violent felony conviction. As a result, petitioner argues, his counsel rendered him ineffective assistance by ignoring this statutory argument.

However, the statutory argument is not as strong as it at first appears. The 1978 violent felony statute that codified § 70.02(d) also barred a defendant charged with a Class C violent felony, such as second degree weapon possession, see N.Y.Penal Law § 265.03, from obtaining a plea to a Class E felony, such as third degree attempted weapon possession. See N.Y.Crim.Proc.Law § 220.10. As a result, it is logical that § 70.02(d) made no reference to pleading down from the greater offense of second degree weapon possession, codified at § 265.03, because the statute barred such a plea agreement. However, in the instant case, because the criminal actions underlying the 1978 conviction took place in 1977, prior to the enactment of the plea restrictions for violent felonies, the trial court allowed petitioner to plead down to the Class E felony. See People v. Seifert, Ind. No. 436/86, at 4 (Sup.Ct. Kings Cty. May 17, 1995), available at Resp.Affid., Exh. K. How to apply § 70.02(d) to such a situation was, in 1987, and remains today a difficult and open question. See id. at 7.

Indeed, at the time of the 1987 sentencing, no court had held that a conviction by guilty plea of third degree attempted weapon possession from an indictment charging second degree weapon possession could not constitute a predicate felony conviction.[7] See id. Moreover, the parties have not cited and the court cannot find any dicta statements by New York courts prior to 1987 suggesting that such a conviction by plea would not constitute a predicate felony conviction.[8] The key pre–1987 Court of Appeals case analyzing the second and persistent violent felony statutes issues no holding and contains no language directly applicable to this issue. See People v. Morse, 62 N.Y.2d 205, 476 N.Y.S.2d 505, 465 N.E.2d 12 (1984). Moreover, as noted above, though New York courts have recently construed N.Y.Penal Law § 70.02 strictly in deciding what constitutes a predicate violent felony, see Dickerson, 85 N.Y.2d at 871–72, 626 N.Y.S.2d 50, 649 N.E.2d 1194; Lopez, 158 A.D.2d at 718–19, 552 N.Y.S.2d 165, the cases illustrating this strict construction were decided after 1987. The court cannot fault petitioner's counsel for failing to predict the genesis of this trend. See Jameson, 22 F.3d at 429; Jones, 918 F.2d at 11–12; accord Baldi, 54 N.Y.2d at 147, 444 N.Y.S.2d 893, 429 N.E.2d 400. As a result, in failing to advise petitioner to controvert the government's predicate violent felony statement, petitioner's counsel did not ignore case precedent holding, or even suggesting, that petitioner's prior conviction did not constitute a predicate violent felony.

Moreover, while the petitioner's argument does have some basis in the text of § 70.02(d), the argument is utterly counterintuitive. According to petitioner's argument, the reason that his conviction should not count as a predicate violent felony offense is that he was charged with too violent a crime. While third degree weapon possession generally involves the possession of a loaded firearm outside the home or business, see N.Y.Penal Law § 265.02(4), second degree weapon possession involves the much more serious crimi-

---

**7.** Indeed, after extensive research, this court can find no case subsequent to 1987 that so holds. See supra note 3.

**8.** As noted above, dicta statements from cases subsequent to 1987 are contradictory on this issue. Compare Tolbert, 93 N.Y.2d at 88, 688 N.Y.S.2d 105, 710 N.E.2d 669, and Lopez, 158 A.D.2d at 718, 552 N.Y.S.2d 165, with Dickerson, 85 N.Y.2d at 872, 626 N.Y.S.2d 50, 649 N.E.2d 1194 (1995).

nal activity of possessing a loaded firearm with the intent to use it against another. *See* N.Y.Penal Law § 265.03. As a result, petitioner's argument is that, because he was charged with intent to use the firearm against another, rather than mere possession outside the home, his conviction by guilty plea should not constitute a predicate violent felony conviction. The counterintuitive nature of this argument recommends a finding that the failure to raise the issue at sentencing did not fall below an objective standard of reasonableness.

█ Furthermore, the court must grant deference to the New York courts' rejection of petitioner's claim of ineffective assistance of counsel at his 1987 conviction and sentencing. *See People v. Seifert,* Ind. No. 436/86, at 9 (Sup.Ct. Kings Cty. May 17, 1995), *available at* Resp.Affid., Exh. K; *People v. Seifert,* App. No. 95–05609 (2d Dept. July 25, 1995) (denying leave to appeal), *available at* Resp.Affid., Exh. O. In order to prevail upon a claim rejected by a state court on the merits, a petitioner must show that the state court's rejection of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Todd v. Senkowski,* 1999 WL 335813, at *5 (S.D.N.Y.1999); *Castaneda v. Artuz,* 1998 WL 938860, at *4 (E.D.N.Y.1998). Such deference is particularly appropriate in a case, like this one, where resolution of the petitioner's ineffective assistance claim requires a complicated analysis of state law.

After reviewing the petitioner's statutory argument and considering the absence of supportive case law and the argument's counterintuitive nature, the court cannot find that the petitioner has borne his burden of establishing that the state court unreasonably applied federal law in rejecting his claim nor that his counsel's performance fell "outside the wide range of professionally competent assistance." *Claudio,* 982 F.2d at 805. After all, as the Supreme Court has held, "the Consti-

tution guarantees criminal defendants only ... a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable ... claim." *Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). As a result, petitioner's claim of ineffective assistance of trial counsel at his 1987 conviction and sentencing must be denied.

Moreover, even if the court were to accept *arguendo* that the petitioner had established deficient performance, the petitioner's claim would fail because he has not established prejudice. In order to show prejudice, the petitioner must demonstrate that, but for the deficiency, the likely outcome of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In this case, the petitioner cannot allege that his sentence would have been different had counsel advised him to controvert the predicate violent felony determination, because the court had committed to a sentence of two and one-half (2½) to five (5) years prior to that determination. *See* 1987 Plea Mins., at 4, *available at* Resp. Letter, 12/31/98. Rather, petitioner appears to allege that the outcome would have been different because the court would not have rendered a predicate violent felony determination—a determination, largely insulated from collateral attack, *see* N.Y.Crim.Proc.Law §§ 400.15(8), 400.21(8) which increased petitioner's 1991 prison sentence to nine (9) years to life.

However, as discussed above, had petitioner's counsel advanced his statutory argument against a predicate violent felony determination, it is not at all clear that the argument would have carried the day. Rather, as noted above, the state court addressing the issue has characterized it as an "open question." *People v. Seifert,* Ind. No. 436/86, at 9 (Sup.Ct. Kings Cty. May 17, 1995), *available at* Resp.Affid., Exh. K. This court finds such a characterization appropriate given the absence of case law directly addressing petitioner's claim and the contradictory *dicta* state-

ments issued by New York courts. *Compare Tolbert*, 93 N.Y.2d at 88, 688 N.Y.S.2d 105, 710 N.E.2d 669, *and Lopez*, 158 A.D.2d at 718, 552 N.Y.S.2d 165, *with Dickerson*, 85 N.Y.2d at 872, 626 N.Y.S.2d 50, 649 N.E.2d 1194 (1995). As a result, the court cannot say with any degree of certainty that petitioner's 1978 conviction would have been rejected as a predicate violent felony offense if petitioner's counsel had controverted the predicate violent felony statement.

In addition, the court notes that the increased sentence received by petitioner after his 1991 conviction—the only true prejudice alleged—may have been appropriate even absent the predicate violent felony determination. Under the state's persistent felony offender statute, a New York court may sentence a defendant convicted of a felony to an indeterminate prison term of at least fifteen (15) years to life where the defendant has previously been convicted of two qualifying felonies[9] and where the court finds that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y.Penal Law § 70.10. Notably, each prior conviction need not constitute a *violent* felony to warrant sentencing under the persistent felony offender statute.

In this case, at the time of the 1991 sentencing, the petitioner had pled guilty to the felony offense of assault in the first

degree, and he had been convicted of two prior qualifying felony offenses.[10] As a result, if petitioner had not qualified as a persistent *violent* felony offender, the sentencing court still could have sentenced petitioner to fifteen (15) years to life imprisonment *if* the court found that petitioner's "history and character ... and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y.Penal Law § 70.10.

At the 1991 sentencing, the petitioner's criminal history consisted of a 1973 conviction for third degree attempted burglary, the 1978 conviction for third degree attempted weapon possession, a 1986 conviction for grand larceny in the third degree, the 1987 conviction for attempted robbery in the second degree, and the instant 1991 conviction for assault in the first degree. *See* 1990 Pred. Violent Felony State., *available at* Resp.Affid., Exh. X. Moreover, the 1978, 1987, and 1991 convictions involved serious, violent conduct. *See* Resp. Affirm., 2/1/93, at 1–2 (alleging that 1978 conviction stemmed from petitioner's firing of handgun during altercation), *available at* Resp.Affid., Exh. B; 1978 Plea Mins., at 8 (allocution by petitioner that he possessed unlicensed and loaded firearm outside home), *available at* Resp.Affid., Exh. X; 1987 Plea Mins., at 5 (allocution by petitioner that he attempted to rob and seriously injure victim), *available at* Resp. Letter, 12/31/1998; Resp.Af-

---

9. In order to trigger a persistent felony offender determination, the prior felony convictions must have drawn sentences of more than one year, and the criminal conduct for the second conviction must have taken place after the defendant's imprisonment for the first conviction. *See* N.Y.Penal Law § 70.10(b). Similarly, the criminal activity underlying the final conviction must have taken place after the defendant's imprisonment on the predicate felony convictions. *See id.*

10. As the result of an incident that took place in 1977, petitioner pled guilty to Attempted Criminal Possession of a Weapon in the Third Degree in 1978 and was sentenced to a term

of imprisonment of eighteen (18) months to three (3) years. *See* 1978 Plea Mins., at 7, *available at* Resp.Affid., Exh. X. Petitioner pled guilty in 1987 to Attempted Robbery in the Second Degree in response to criminal activity performed in 1986. *See* Plea Mins., at 4–5, *available at* Resp. Letter, 12/31/98. He was sentenced to a term of two and one-half (2½) to five (5) years imprisonment. *See* Sent. Mins., at 3, *available at* Resp. Letter, 12/31/98. The petitioner has not received a pardon on the ground of innocence for either offense. As a result, the petitioner's criminal history satisfies the requirements of N.Y.Penal Law § 70.10(1).

fid., ¶ 3 (alleging that 1991 conviction resulted from petitioner stabbing victim eight times, hitting victim with his car, and striking victim with tire iron); 1991 Plea Mins., at 6–8 (allocution and stipulation by petitioner that he stabbed victim causing multiple, serious wounds), *available at* Resp.Affid., Exh. W. Indeed, in both of petitioner's most recent crimes, he intentionally caused serious injury to his victims.

While this court cannot predict with any certainty whether the 1991 sentencing court would have determined petitioner to be a persistent felony offender, given the discretionary and case-specific nature of the determination, *see People v. Oliver*, 96 A.D.2d 1104, 1106, 467 N.Y.S.2d 76 (2d Dept.1983), the court can take note that, in some cases, state courts have found defendants with similar criminal histories to be persistent felony offenders. *See, e.g., People v. Fransua*, 135 A.D.2d 909, 910, 522 N.Y.S.2d 684 (3d Dept.1987) (upholding persistent felony offender determination where defendant convicted of violent rape had committed two prior felony offenses); *People v. Wright*, 104 Misc.2d 911, 429 N.Y.S.2d 993, 1004 (N.Y.Sup.1980) (sentencing defendant convicted of assault as persistent felony offender where defendant had previously been convicted of assault and rape); *cf. People v. Drummond*, 104 A.D.2d 825, 826, 480 N.Y.S.2d 48 (2d Dept. 1984) (upholding persistent felony offender determination where defendant had a lengthy criminal record including violent offenses). Faced with a defendant who had committed five successive felonies, at least three of them violent in nature, the state court might well have determined the petitioner to be a persistent felony offender—a determination that carried with it a sentence even more onerous than the one imposed on petitioner as a persistent violent felony offender. *Compare* N.Y.Penal Law § 70.10 (1994) (requiring sentence authorized for class A–1 felony on persistent felony offender) *and id.* at § 70.00 (requiring indeterminate prison sentence of at least fifteen years to life on defendant convicted of class A–1 felony), *with id.* at § 70.08 (requiring prison sentence of ten years to life for persistent violent felony offender convicted of assault in first degree, a class B felony).

After reviewing the prospects of petitioner's statutory argument against the predicate violent felony offender determination and considering the substantial possibility that, even if that argument had succeeded, petitioner would have been adjudicated a persistent felony offender, the court determines that petitioner has failed to bear his burden of demonstrating that his counsel's deficient assistance caused him prejudice. As a result, petitioner's ineffective assistance claim must be denied on this ground as well.

### 2  Ineffective Assistance of Appellate Counsel on 1987 Conviction

█ The court's decision that petitioner's 1987 trial counsel did not render ineffective assistance in failing to dispute the predicate violent felony determination fatally undermines petitioner's ineffective assistance of appellate counsel claim as well. Claims of ineffective assistance of appellate counsel are governed by the identical two-pronged *Strickland* test applied above, requiring the petitioner to demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the deficiency, the likely outcome of the proceeding would have been different. *See Hooper v. United States*, 112 F.3d 83, 87 (2d Cir.1997) (citing *Strickland*, 466 U.S. at 687–96, 104 S.Ct. 2052).

As discussed in detail above, to the extent that consent to the predicate violent felony determination was an element of the plea agreement, petitioner's trial counsel did not render ineffective assistance in choosing to consent and forego attack on the determination in exchange for a favorable plea. Similarly, in such a circumstance, petitioner's appellate counsel did not render ineffective assistance in failing

to attack trial counsel's sound strategic decision to opt for the plea.

Moreover, even if consent to the predicate violent felony determination was not part of the plea agreement, the court has decided that trial counsel's failure to dispute that determination did not fall outside the wide range of competent assistance. The same reasoning applies to petitioner's appellate counsel's failure to raise the issue. After reviewing the absence of supportive case law and the counterintuitive nature of the argument against the predicate violent felony determination, the court cannot find that the failure by petitioner's appellate counsel to raise the argument fell below an objective standard of reasonableness. Finally, for the same reasons set forth above, the petitioner has failed to show that the failure by his appellate counsel to raise the argument against the predicate violent felony determination caused him sufficient prejudice to warrant *habeas* relief. As a result, the petitioner's claim of ineffective assistance of appellate counsel must be denied.

**3   Ineffective Assistance of Trial Counsel at 1991 Conviction**

■ The petitioner next alleges that trial counsel at his 1991 conviction rendered him ineffective assistance in failing to object to the sentencing court's determination that petitioner was a persistent violent felony offender. In particular, petitioner points out that the court's initial determination was based on the erroneous assumption that petitioner's 1978 guilty plea resulted from an indictment charging *third degree* weapon possession. *See* Resp.Affid., Exh. W at 12–13. Moreover, although petitioner's counsel convinced the court to agree to revise its determination if facts warranting revision were produced, *see id.,* counsel failed to inform the court that the petitioner's 1978 guilty plea resulted from an indictment charging *second degree* weapon possession. *See id.* at Sent. Hearing.

Petitioner has repeatedly asserted this same argument in state court in various forms. *See* Pet. 440.20 Motion, 10/29/92, *available at* Resp.Affid., Exh. A; Pet.App. Brief, *available at* Resp.Affid., Exh. E; Pet. 440.20 Motion, 11/14/95, *available at* Resp.Affid., Exh. P. Whether asserted directly as an attack on the 1991 persistent violent felony offender determination or indirectly as an ineffective assistance claim, the claim has been repeatedly rejected by state courts applying N.Y.Crim. Proc.Law § 400.15(8). Under § 400.15(8), once a predicate violent felony finding has been entered, "such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." N.Y.Crim.Proc.Law § 400.15(8); *see also id.* at § 400.21(8). According to the state courts, as a result of § 400.15(8), petitioner's counsel at his 1991 conviction could not have attacked the 1987 predicate violent felony finding, *see* Pet. 440.20 Motion, 10/29/92, *available at* Resp.Affid., Exh. A; *People v. Seifert,* 209 A.D.2d 555, 556, 619 N.Y.S.2d 86 (2d Dept.1994), and thus could not have rendered ineffective assistance by failing to do so. *See* Pet. 440.20 Motion, 11/14/95, *available at* Resp.Affid., Exh. P.

In reasserting this argument in the instant petition, petitioner has added a twist. As petitioner points out, courts may decline to apply § 400.15(8) if a petitioner or defendant shows good cause for failing to controvert the government's predicate violent felony statement at the earlier determination. *See, e.g., People v. Jones,* 213 A.D.2d 801, 803, 623 N.Y.S.2d 387 (3d Dept.1995); *People v. Early,* 173 A.D.2d 884, 886, 569 N.Y.S.2d 756 (3rd Dept.1991). Petitioner now asserts that the ineffective assistance rendered by counsel at his 1987 conviction constitutes good cause to overcome § 400.15(8), and that his 1991 counsel rendered ineffective assistance in failing to so argue. However, since petitioner's claim is premised upon his faulty contention that his 1987 counsel rendered ineffective assistance—a contention rejected by this court for the reasons set forth above— petitioner's claim must fail. As a result,

the court agrees with the state courts in finding that petitioner's 1991 counsel did not render ineffective assistance by declining to attack a predicate felony determination afforded preclusive effect by § 400.15(8).

4  Ineffective  Assistance ⟋ of  Appellate Counsel on 1991 Conviction

■ In his final claim, petitioner alleges that he received ineffective assistance of counsel on appeal from his 1991 conviction. In support of this claim, petitioner does not attack the actions or decisions of his counsel but rather contends that the Appellate Division deprived him of effective assistance by denying his request that his appeal be held in abeyance pending submission and resolution of a motion to vacate the conviction under N.Y.Crim.Proc. Law § 440.20. *See* Pet.Memo., 2/14/97, at 25–27. However, it is well settled that federal courts must defer to state court determination of state procedural rules. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Maula v. Freckleton,* 972 F.2d 27, 28 (2d Cir.1992). Such deference is particularly appropriate where, as here, state courts are applying their own rules of court. The Appellate Division's denial of petitioner's request that his appeal be held in abeyance is not amenable to federal *habeas* review. As a result, the petitioner's final claim must be denied.

CONCLUSION

For the reasons set forth above, the petition for a writ of *habeas corpus* is DENIED. However, because the outcome of the court's analysis regarding petitioner's claims of ineffective assistance of 1987 trial and appellate counsel is " 'debatable among jurists of reason,' " *Nelson v. Walker,* 121 F.3d 828, 832 (2d Cir.1997) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)), the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The peti-

tioner's request for a certificate of appealability is therefore granted as to those issues. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.