OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the judgment of Supreme Court, Dutchess County, dismissing the petition, reinstated. The cross appeal of petitioner is dismissed, without costs, upon the ground that petitioner is not aggrieved by the modification at the Appellate Division (CPLR 5601, subd [a], par [iii]).
 

 On July 20, 1970, petitioner was sentenced, on charges unrelated to his present incarceration, to a term of imprisonment of five years, which sentence was to expire on January 4, 1975. On September 26, 1973, while on parole, he was arrested and charged in the Criminal Court, Kings County, with offenses allegedly committed that day and was then released on bail on October 1, 1973. Thereafter, petitioner was rearrested on October 3, 1973 and held pursuant to a parole violation warrant in connection with the 1970 conviction. His bail was exonerated on November 30, 1973. Following a parole revocation hearing at which his delinquency was canceled pending disposition of the outstanding charges (see 7 NYCRR 1920.10 [a]), the parole violation warrant was withdrawn, petitioner again posted bail and was restored to parole on June 27, 1974. Petitioner entered a plea of guilty to one count of robbery in the second degree on December 1, 1975 in satisfaction of the charges which culminated in his September 26, 1973 arrest, and was sentenced to a term of imprisonment of three to six years.
 

 Petitioner is not entitled to jail time credit for that period during which he was in custody pursuant to the parole violation warrant. Since that period was then being credited
 
 *814
 
 against the previous 1970 sentence (Correction Law, § 212, subd 7; Penal Law, § 70.40, subd 3, par [c]), it could not be also credited as jail time against the subsequent 1975 sentence
 
 (Matter of Canada v McGinnis,
 
 36 AD2d 830, affd 29 NY2d 853; see, also,
 
 Matter of Kalamis v Smith,
 
 42 NY2d 191, 200). Subdivision 3 of section 70.30 of the Penal Law specifies that jail time credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject.” Moreover, the withdrawal of the parole violation warrant cannot be said to have been "a dismissal or an acquittal” within the meaning of the statute (Penal Law, § 70.30, subd 3).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 On respondents’ appeal: Order reversed, without costs, and judgment of Supreme Court, Dutchess County, dismissing the petition reinstated.
 

 On petitioner’s cross appeal: Cross appeal dismissed, without costs.