■ In the Matter of MICHAEL SANTORA, Appellant, v KAREN SHEAK, as Inmate Records Coordinator for the Hudson Correctional Facility, Department of Correctional Services, Respondent.—Main, J. P. Appeals (1) from a judgment of the Supreme Court at Special Term (Connor, J.), entered October 3, 1984 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to credit petitioner for additional jail time served, and (2) from a judgment of said court, entered April 24, 1985 in Columbia County, which denied petitioner's motion for renewal and reargument.

While on parole from incarceration stemming from a 1980 conviction, petitioner was, in November 1982, arrested on a new and unrelated charge. Although he was released on his own recognizance with respect to this new charge, he was thereafter held on a parole violation detainer warrant until, in April 1983, such warrant was judicially vacated because no parole revocation hearing had been timely held. Accordingly, petitioner was restored to parole status. The maximum sentence resulting from the 1980 conviction thereafter expired in August 1983.

In October 1983, petitioner was again arrested on completely new charges. Ultimately, the November 1982 and October 1983 charges resulted in convictions and the imposition of concurrent prison sentences of 3 to 6 years and 2 to 4 years, respectively. The time that petitioner had spent in jail as a result of each of these charges before he began to serve his sentences thereon was credited against these sentences. In contrast, his jail time between November 1982 and April 1983,

which was solely the result of the parole violation warrant, had already been credited against petitioner's 1980 sentence. Petitioner commenced this proceeding seeking to have the jail time that stemmed from the issuance of the parole violation warrant credited against the concurrent sentences that he is currently serving rather than against his 1980 sentence. Special Term dismissed petitioner's application and, later, denied his motion for renewal and reargument. These appeals ensued.

We conclude that petitioner is not entitled to jail time credit against the concurrent sentences that he is presently serving for the period that he was in custody pursuant to the parole violation warrant. That period has already been credited against his 1980 sentence (see, Penal Law § 70.40 [3] [c]). Thus, it cannot also be credited as jail time against the subsequent sentences now being served by petitioner (see, Penal Law § 70.30 [3]; *Matter of Jeffrey v Ward*, 44 NY2d 812, 813-814). This analysis is unaffected by the last paragraph of Penal Law § 70.30 (3), since the record does not show that either of the concurrent sentences now being served by petitioner was "based on a charge for which a warrant or commitment was lodged during the pendency of" petitioner's detention pursuant to the parole violation warrant.

In response to petitioner's motion for reargument or renewal, Special Term, in its decision, stated that it was denying such motion. A reading of that same decision, however, indicates that Special Term did indeed consider the new factual information being submitted by petitioner and merely chose to adhere to its original decision dismissing petitioner's application, which, as aforementioned, was the proper result.

Judgments affirmed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.