■ In the Matter of TROY ELLIS, Appellant, v HEAD CLERK,

OTISVILLE CORRECTIONAL FACILITY, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to credit the petitioner with jail time served on a parole violation warrant which was later canceled, the petitioner appeals from a judgment of the Supreme Court, Orange County (Kelly, J.), dated March 19, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was sentenced to an indeterminate term of incarceration of 2 to 6 years following his conviction for the crime of robbery in the first degree in 1979. He was paroled on May 26, 1982, with a maximum expiration date of June 20, 1985. On August 9, 1983, the petitioner was arrested on charges of criminal possession of a weapon in the second degree and attempted assault in the first degree. He was arraigned and released on bail shortly thereafter. On August 23, 1983, a parole violation warrant was lodged against the petitioner. He was rearrested and jailed on the parole violation warrant until December 31, 1983. On January 4, 1984, the petitioner was sentenced to an indeterminate term of imprisonment of 2 to 4 years after his plea of guilty to the charge of attempted criminal possession of a weapon in the third degree emanating from his August 9, 1983 arrest. The sentence was to run consecutively to any other term being served. He was thereupon remanded to a State facility.

On August 3, 1984, the New York State Division of Parole issued a determination canceling petitioner's declaration of delinquency and closing the parole violation charges for administrative reasons. The certificate of commitment with respect to the 1984 judgment specifically provided that the petitioner was being afforded jail time credit of seven days covering the interval from August 9 to August 15, 1983. He seeks additional jail time credit with respect to the 1984 sentence for the period of August 23 through December 31, 1983. No claim is being made with respect to the interval from January 1 to January 4, 1984, the date of sentencing on the petitioner's new conviction. We reject the petitioner's contention and affirm the judgment dismissing the petition.

When the petitioner was taken into custody on the parole violation warrant on August 23, 1983, the 1979 sentence which he was serving when he was released on parole was deemed interrupted pursuant to Penal Law § 70.40 (3) (a). Jail time credit for the period during which the petitioner was in custody pursuant to the parole violation warrant was properly applied to the interrupted sentence (see, Penal Law § 70.40 [3]

[c]). Thus, the subject period cannot also be credited as jail time against the petitioner's subsequent 1984 sentence *(Matter of Jeffrey v Ward,* 44 NY2d 812, 813-814; *Matter of Santora v Sheak,* 120 AD2d 887; *Matter of Davis v Regan,* 55 AD2d 1012). Penal Law § 70.30 (3) unequivocally provides that jail time credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject". Moreover, the cancellation of a declaration of delinquency for administrative reasons cannot be regarded as a "dismissal or an acquittal" within the meaning of that section *(see, Matter of Jeffrey v Ward, supra,* at 814). Mangano, J. P., Lawrence, Weinstein and Kooper, JJ., concur.