■ In the Matter of GERALDO TUBENS, Respondent, v NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), dated July 24, 1987, which granted petitioner's CPLR article 78 petition and directed respondent to recompute petitioner's jail time credit for the period from October 10, 1984 to May 23, 1985, unanimously reversed, on the law, and the petition dismissed, without costs.

Petitioner was sentenced to an indeterminate prison term of 8⅓ to 25 years in Bronx County Supreme Court on November 17, 1972. He was paroled on May 24, 1982 with a maximum expiration date of April 3, 1996.

While on parole, on August 28, 1984, petitioner was arrested, and indicted in Bronx County under indictment 3297/84. Petitioner remained in custody from his arrest until September 2, 1984, when he posted bail and was released. Petitioner was again arrested on October 3, 1984 and indicted under indictment 3833/84. He remained in custody until October 6, 1984 when he was again released on bail.

As a result of these arrests, a parole violation warrant was issued. On October 10, 1984, petitioner was arrested by a parole officer pursuant to that warrant and housed in the New York State Queensboro Correctional Facility. He was subsequently transferred to the custody of respondent New York City Department of Correction so that he could appear in court on the Bronx indictments. While a writ of habeas corpus was pending, the State Department of Parole administratively canceled petitioner's parole delinquency for failure to provide him with a timely final parole revocation hearing pursuant to Executive Law § 259-i (3) (f) (i). Petitioner remained incarcerated in respondent's facility until September 19, 1985, when he pleaded guilty on his pending indictments and received a sentence of 2 to 4 years. Thereafter, petitioner was granted jail time credit pursuant to Penal Law § 70.30 (3) for the periods he was incarcerated from August 28, 1984 to September 2, 1984 (first arrest—six days), October 3, 1984 to October 6, 1984 (second arrest—four days) and May 23, 1985 to September 24, 1985 (cancellation of parole delinquency until time of sentencing—126 days).

At issue in the within proceeding is petitioner's request for jail time credit for the period of October 10, 1984 until May

23, 1985, when he was incarcerated under the parole violation warrant. Respondent denied the request because it considered the time in question to be credited against the prior sentence. The IAS court granted the instant article 78 petition challenging that determination because it reasoned that when petitioner's parole delinquency was administratively canceled, the parole violation warrant no longer existed and the jail time at issue could not be credited against the prior sentence. Accordingly, the court found that "it would be a violation of fundamental fairness to deny petitioner jail time credit for the time served due to an administrative mistake."

We disagree with the analysis of the IAS Judge and accordingly we reversed and deny petitioner jail time credit towards his current period of incarceration. Resolution of this problem requires the application of various statutory authorities. As a general rule, when a parolee violates the terms of his parole and is declared delinquent, the underlying sentence is deemed interrupted. (Penal Law § 70.40 [3] [a].) The time spent in custody from the time of delinquency until the time the sentence resumes is credited against the maximum term of the interrupted sentence if such custody was due to an arrest based upon the delinquency. (Penal Law § 70.40 [3] [c] [i].) Moreover, even if the parole violation is not sustained, the time spent in any State or local correctional institution by virtue of the violation still shall be credited against the maximum term of the interrupted sentence. (Executive Law § 259-i [3] [h].) Therefore, even though here petitioner's parole violation was not sustained, as it was administratively canceled for failure to comply with Executive Law § 259-i (3) (f) (i), petitioner's remedy is a credit of the time served against the term of the interrupted sentence.

Jail time credit for the subsequent sentence is granted for the "amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." (Penal Law § 70.30 [3].) The credit shall not include any time credited against the maximum term of any previously imposed sentence. (Penal Law § 70.30 [3].)

Therefore, when petitioner was taken into custody on October 10, 1984, the earlier sentence was deemed interrupted and the time spent in custody until the parole delinquency was dismissed on May 23, 1985 is applied to the earlier sentence and cannot be deemed the result of the subsequent charge. Since this jail time was applied to the earlier sentence, it cannot also be credited against the subsequent sentence. (Pe-

nal Law § 70.30 [3]; *Matter of Jeffrey v Ward,* 44 NY2d 812; *Matter of Ellis v Head Clerk, Otisville Correctional Facility,* 128 AD2d 525.)

Furthermore, petitioner's additional claim that the administrative cancellation of the parole delinquency is a "dismissal or an acquittal" within the meaning of the last paragraph of Penal Law § 70.30 (3) must fail based on the cited authorities. *(Matter of Jeffrey v Ward, supra; Matter of Ellis v Head Clerk, Otisville Correctional Facility, supra.)*

For the foregoing reasons, the time period at issue cannot serve as jail time credit for the subsequent sentence, and the judgment should be reversed. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.

■ The People of the State of New York, Respondent, v Raymond Rivera, Appellant.—Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on July 19, 1985, unanimously affirmed.