■ In the Matter of Scott R. Petrie, Appellant, v New York State Division of Parole et al., Respondents. [679 NYS2d 447] —Appeal from a judgment of the Supreme Court (Graffeo, J.), entered February 9, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents which, *inter alia,* calculated the length of petitioner's sentence.

On January 9, 1992, petitioner was convicted of the crime of attempted burglary in the second degree and sentenced to a prison term of 2½ to 5 years with a maximum expiration date of October 30, 1996. Petitioner was released on parole on March 2, 1995 and declared delinquent on May 16, 1995. Following a final parole revocation hearing at which he was found guilty of violating a condition of his parole, petitioner's parole was revoked and he was held until the maximum expiration of his term—17 months, 14 days. Stemming from another incident that occurred while he was on parole, petitioner was thereafter convicted of three counts of attempted sexual abuse in the first degree and was sentenced to an aggregate prison term of 5 to 10 years, to run consecutively to the sentence he was then serving. Petitioner commenced this CPLR article 78 proceeding challenging the determination and Supreme Court dismissed the petition. Addressing only those of petitioner's contentions that are preserved for our review, we find that respondents properly declined to credit parole time to petitioner's later sentences and appropriately calculated his tentative conditional release date as April 8, 2004 (*see,* Penal Law § 70.25 [2-a]; *Matter of Jeffrey v Ward,* 44 NY2d 812; *Matter of Keffer v Wilkinson,* 122 AD2d 475). We accordingly find that Supreme Court properly dismissed the petition.

White, J. P., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.