■ In the Matter of ALLEN PARKER, Appellant, v ROBERT H. ENDEE, JR., as Sheriff of Washington County, et al., Respondents. [702 NYS2d 224] —Mugglin, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered March 17, 1999 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Sheriff of Washington County computing petitioner's prison sentence.

Petitioner was committed to the Washington County Jail on June 8, 1984 on charges of assault in the second degree and aggravated sexual abuse in the first degree. On September 5, 1984, he was convicted on his plea of guilty of the crime of assault in the third degree and sentenced to one year in jail. The record reflects that he would have been eligible for release on February 1, 1985. This would have been possible by reason of his having received credit for time served prior to sentence (*see*, Penal Law § 70.30 [3]) and good time of one third of his term (*see*, Penal Law § 70.30 [4] [b]). However, on January 31, 1985, a bail hearing was held for petitioner involving charges of rape in the first degree and sexual abuse in the first degree arising out of acts allegedly committed in July 1983. Petitioner could not raise the bail set and remained in jail until he was convicted on both counts and sentenced on February 25, 1985 to concurrent prison terms of 8⅓ to 25 years on his conviction of rape in the first degree and 2⅓ to 7 years on the conviction of sexual abuse in the first degree. Petitioner was then transferred to the custody of the Department of Correctional Services. He received a credit of 26 days for the jail time he served from January 31, 1985 to February 25, 1985.

Petitioner commenced this CPLR article 78 proceeding contending that he should have been credited with an additional 235 days of time served, i. e., from June 9, 1984 to January 31, 1985, when he was arraigned on these charges. Petitioner asserts that he is entitled to credit from June 9, 1984 because on that date a warrant for his arrest on the rape and sexual abuse charges was filed as a detainer with the Washington County Sheriff's office. Supreme Court dismissed petitioner's application. We affirm.

Petitioner cannot be credited with jail time served on a prior

conviction in order to diminish his sentence on a subsequent conviction (see, Penal Law § 70.30 [3]; see also, Matter of Kalamis v Smith, 42 NY2d 191, 200-201; Matter of McCormack v Kuhlmann, 188 AD2d 779, 780). That time has already been credited against his prior sentence. We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.