■ In the Matter of GERONIMO NIEVES, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [814 NYS2d 351]—

---

Lahtinen, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered June 20, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's parole eligibility date.

In May 1979, petitioner was sentenced to two concurrent prison terms with a maximum term of seven years. Petitioner was received by respondent on July 18, 1979 and was credited with 1,083 days of jail time for the period he spent in local custody prior to his imprisonment. After serving a portion of his sentence, petitioner was released to parole supervision on March 24, 1981, but he was subsequently arrested on numerous felony charges.

Upon his convictions, petitioner was sentenced to prison terms of 25 years to life for each of two counts of murder in the second degree, $12^1/_2$ to 25 years for one count of attempted murder in the second degree, $12^1/_2$ to 25 years on each of two counts of robbery in the first degree, and $7^1/_2$ to 15 years for one count of robbery in the second degree. The sentence for the attempted murder conviction was ordered to run consecutively to the other five sentences, and the five sentences were ordered to run concurrently with each other. By operation of Penal Law § 70.25 (1) (a) and (2-a), both sentences for the murder convictions would run concurrently with the 1979 sentences, and the remaining sentences would run consecutively. Petitioner was returned to respondent's custody on October 27, 1982 and was credited with 224 days of jail time for the period between his arrest and imprisonment.

Respondent calculated petitioner's minimum term of imprisonment by aggregating his 25-year minimum term for the 1982 murder convictions with his $12^1/_2$-year minimum term for the 1982 attempted murder conviction and subtracted 224 days of jail time credit. Respondent also credited petitioner with the time he had already served on his previous 1979 sentences and, accordingly, set his parole eligibility date as January 6, 2018.

Petitioner then requested recalculation of his parole eligibility date, arguing that he was entitled to an additional jail time credit toward his 1982 sentences reflecting the time that he spent in local custody prior to his imprisonment for the 1979 convictions. Respondent denied the request, finding that petitioner had already received all of the credits to which he

was entitled, and petitioner thereafter commenced this CPLR article 78 proceeding challenging the calculation. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. The time that petitioner spent in custody prior to the commencement of his 1979 sentences does not represent the time spent in custody as a result of the crimes he subsequently committed while on conditional release in 1982 (*see* Penal Law § 70.30 [3]). Moreover, petitioner already received credit for jail time against his 1979 sentences and cannot receive credit for that same period against his 1982 sentences. Inasmuch as "petitioner is not entitled to a credit on the time to be served on the subsequent conviction for time served before his sentencing on the prior convictions and already credited to those convictions" (*Matter of McCormack v Kuhlmann*, 188 AD2d 779, 780 [1992]; *see Matter of Kalamis v Smith*, 42 NY2d 191, 200-201 [1977]; *Matter of Parker v Endee*, 268 AD2d 823, 823-824 [2000]), we discern no error in respondent's calculation.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.