In the Matter of ARTHUR BLAKE, Also Known as ROBERT JOHNSON, Appellant, v ROBERT DENNISON, as Chair of the Division of Parole, et al., Respondents. [868 NYS2d 827]—

Petitioner has a lengthy criminal record dating back to 1975. In 1985, he was convicted of robbery in the first degree, attempted robbery in the second degree, robbery in the third degree and attempted robbery in the third degree and was sentenced, as a second felony offender, to an aggregate term of 9 to 18 years in prison. When he was received by the Department of Correctional Services (hereinafter DOCS), he was credited with 579 days of jail time for various periods he spent in jail between September 1983 and November 1985. He was paroled in April 1993, but declared delinquent in September 1994. In 1996,

he was convicted of attempted robbery in the second degree and robbery in the third degree and was sentenced to consecutive terms of 2⅓ to 7 years in prison, to run concurrently with his 1985 sentences.* When he was received by DOCS, petitioner was given 152 days of jail time credit that was later increased to 332 days. Petitioner was conditionally released in March 2005, but was subsequently declared delinquent and convicted of additional crimes for which he is currently incarcerated.

In calculating petitioner's release dates, DOCS did not apply the 579 days of jail time credit he received in connection with his 1985 sentences to the time to be served on his 1996 sentences. Petitioner commenced the instant CPLR article 78 challenging this determination and, in the context thereof, raises certain claims with respect to the Board of Parole. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that because his 1996 sentences ran concurrently with his 1985 sentences (*see* Penal Law § 70.25 [1] [a]), the 579 days of jail time credit he received in connection with the latter should have been applied to the former. We disagree. Initially, we note that Penal Law § 70.30 (3) provides for a credit against the maximum term of an indeterminate sentence for time that a person spends in jail prior to the commencement of the sentence, provided that the incarceration resulted from the charge culminating in the sentence. However, the statute further states that such credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject" (Penal Law § 70.30 [3]). The courts have interpreted this provision as prohibiting a person from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous sentence (*see Matter of Ryans v Annucci*, 45 AD3d 1001, 1002 [2007]; *Matter of Nieves v Department of Correctional Servs.*, 28 AD3d 1023, 1024 [2006]; *Matter of Gonzalez v Kearney*, 62 AD2d 345, 351 [1978]). Inasmuch as this situation is presented in the case at hand, petitioner is not entitled to have 579 days of jail time credit applied to his 1996 sentences. Accordingly, DOCS properly calculated his jail time credit. As for petitioner's claims concerning the actions of the Board of Parole between 2000 and 2004, such claims have been rendered moot by his conditional release in 2005 (*see Matter of Velasquez v Dennison*, 34 AD3d 898 [2006]; *Matter of Lomonaco v Dennison*, 29 AD3d 1144 [2006]).

---

* The concurrent sentences were imposed because petitioner was sentenced as a first felony offender, apparently in error.

Cardona, P.J., Peters, Spain, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.