[912 NYS2d 841]

In the Matter of JERRY BRANCHEL, Petitioner, v DARWIN LaCLAIR, Superintendent, Franklin Correctional Facility, et al., Respondents.

Supreme Court, Franklin County, September 22, 2010

APPEARANCES OF COUNSEL

*Jerry Branchel*, petitioner pro se. *Andrew M. Cuomo, Attorney General* (*Robert C. Glennon* of counsel), for respondents.

### OPINION OF THE COURT

S. Peter Feldstein, J.

This proceeding was originated by the petition for a writ of habeas corpus of Jerry Branchel, filed in the Franklin County Clerk's office on May 17, 2010. Petitioner, who is an inmate at the Franklin Correctional Facility, is challenging his continued incarceration in the custody of the New York State Department of Correctional Services (DOCS). More specifically, petitioner challenges the computation of jail time credit associated with his current sentence(s) of incarceration. The court issued an order to show cause on May 27, 2010 and has received and reviewed the state respondent's return, dated July 9, 2010, as well as petitioner's reply thereto, filed in the Franklin County Clerk's office on August 9, 2010. In addition, the court has received and reviewed the city respondent's answer, dated July 23, 2010, as well as petitioner's reply thereto, filed in the Franklin County Clerk's office on September 3, 2010.

On November 22, 1995 petitioner was sentenced in Supreme Court, Queens County, as a second felony offender, to an indeterminate sentence of 2½ to 5 years upon his conviction of the crime of attempted robbery in the second degree. He was received into DOCS custody on December 8, 1995, certified as entitled to 210 days of jail time credit. At that time DOCS officials calculated the maximum expiration date of petitioner's 1995 sentence as May 7, 2000. Petitioner was conditionally released from DOCS custody to parole supervision on December 7, 1998. On February 14, 1999, however, petitioner was arrested in New York City in connection with a new criminal offense committed on that date. Petitioner's parole was revoked, with a delinquency date of February 14, 1999, but he was restored to parole supervision on January 22, 2000 upon his release from local custody in connection with the still pending new criminal charges. At the time petitioner was restored to parole supervision he was credited with 298 days of parole jail time (Penal Law § 70.40 [3] [c]) covering the period from March 30, 1999 to January 21, 2000. Although the court can find nothing in the record to confirm the significance of the March 30, 1999 date, it is presumed that a parole violation warrant was lodged against petitioner as a detainer at that time.

As of the February 14, 1999 delinquency date petitioner still owed one year, two months and 23 days to the May 7, 2000 maximum expiration of his 1995 sentence. Upon subtracting the 298 days of parole jail time credit, it was determined that petitioner owed four months and 25 days of delinquent time. Running that delinquent time from January 22, 2000, when petitioner was restored to parole supervision, the adjusted maximum expiration date of petitioner's 1995 sentence was calculated as June 17, 2000. Petitioner was discharged from parole supervision on that date.

Just over seven years after his discharge from parole supervision, on June 19, 2007, petitioner was sentenced in Supreme Court, Kings County, as a second felony offender, in connection with the criminal offense committed on February 14, 1999, as well as in connection with an unrelated criminal offense committed on June 10, 2006. An indeterminate sentence of 2 to 4 years, a definite sentence of one year and a determinate term of two years, with three years' postrelease supervision, were imposed upon petitioner's convictions of the crimes of grand larceny in the third degree, petit larceny and criminal possession of a controlled substance in the fourth degree. Petitioner's 2007 sentences were directed to run concurrently with each other. He was received into DOCS custody on July 17, 2007 originally certified as entitled to 461 days of jail time credit (Penal Law § 70.30 [3]) covering the periods from February 14, 1999 to February 2, 2000 (354 days),* July 16, 2001 to August 22, 2001 (38 days), June 10, 2006 to June 12, 2006 (2 days) and May 11, 2007 to July 16, 2007 (67 days). At that time, taking into account the 461 days of certified jail time credit, DOCS officials calculated the maximum expiration date of petitioner's 2007 sentences as April 10, 2010.

On February 9, 2010 and February 17, 2010 the respondent City of New York Department of Correction issued amended jail time certifications reducing petitioner's jail time credit from 461 days to 107 days, covering the periods from July 16, 2001 to August 22, 2001 (38 days), June 10, 2006 to June 12, 2006 (2 days) and May 11, 2007 to July 17, 2007 (67 days). The previously credited 354-day period from February 14, 1999 to February 2, 2000 was deemed "Excess Jail Time" since that period

---

* The court is unable to determine from the record why this time period extends beyond January 21, 2000, when it appears that petitioner was released from local custody in New York City and restored to parole supervision. (*See* para [4] of city respondent's answer.)

was "credited to a previously imposed sentence as per NYS-DOC. Therefore, this period cannot be credited to the sentence the above [petitioner] is currently serving." Taking into consideration the revised certification of 107 days of jail time credit, DOCS officials recalculated the maximum expiration date of petitioner's 2007 sentences as March 29, 2011.

In this proceeding petitioner asserts that he has been unlawfully denied jail time credit against his 2007 sentences for the 354-day period from February 14, 1999 to February 2, 2000. In this regard it is asserted in the petition that "[s]o long as an offender is held on a charge while awaiting trial or sentencing the offender is entitled to jail time credit for that sentence, a court or county cannot chose one of several concurrent terms which to apply the credit." In paragraph (8) of its answer, however, the city respondent argues that the time period in question cannot be certified as jail time credit against petitioner's 2007 sentences because it already had been applied, obviously as parole jail time credit, against petitioner's previously-imposed 1995 sentence. Citing, inter alia, *Matter of Jeffrey v Ward* (44 NY2d 812 [1978]), the city respondent asserts that "[p]ursuant to Penal Law § 70.30 (3), which directs how jail time credit is to be applied to sentences imposed in New York state, jail time cannot include any time that is credited against the term or maximum term of any previously imposed sentence." In his reply to the city respondent's answer, petitioner argues, in effect, that under the provisions of Penal Law § 70.40 (3) (c) the time period in question should have been credited as jail time against his 2007 sentences rather than parole jail time against his 1995 sentence.

The calculation of jail time credit is controlled by Penal Law § 70.30 (3), which provides, in relevant part, as follows:

> "The term of . . . a determinate sentence, or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence . . . The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the . . . maximum term of any previously imposed sentence."

Where, as here, a criminal defendant is confined in local custody

within the City of New York, jail time credit is calculated by the New York City Commissioner of Correction and certified to the New York State Department of Correctional Services upon transfer of an inmate from local to state custody. (*See* Correction Law § 600-a.) State DOCS authorities are bound by the jail time certified by the City Commissioner and can neither add nor subtract from the time so certified. (*See Matter of Neal v Goord*, 34 AD3d 1142 [2006]; *Matter of Torres v Bennett*, 271 AD2d 830 [2000]; *Matter of Jarrett v Coughlin*, 136 Misc 2d 981 [1987].)

Parole jail time credit, on the other hand, is a credit against the term or maximum term of an interrupted sentence for the time spent by a parolee in custody from the date of delinquency until the resumption of the interrupted sentence provided:

"(i) that such custody was due to an arrest or surrender based upon the delinquency; or

"(ii) that such custody arose from an arrest on another charge which culminated in a dismissal or an acquittal; or

"(iii) that such custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction." (Penal Law § 70.40 [3] [c].)

Jail time credit and parole jail time credit can be viewed as mutually exclusive, with the jail time credit being applied against the parolee's newly imposed sentence and the parole jail time credit being applied against his or her prior interrupted sentence. Periods of time credited against one sentence cannot be credited against the other. (*See Matter of Jeffrey v Ward*, 44 NY2d 812 [1978].)

At first glance it is tempting to agree with petitioner's position that the time period in question should have been credited as jail time against his 2007 sentences rather than parole jail time against his 1995 sentence. After all, petitioner's incarceration in local custody was due to his February 14, 1999 arrest on new criminal charges which culminated, albeit years later, in a conviction and imposition of an indeterminate sentence in excess of the period of time in question. This simple analysis, however, fails to take into account the impact of the unusual length of time that elapsed between petitioner's February 14,

1999 arrest and his June 19, 2007 sentencing. When petitioner was restored to parole supervision on January 22, 2000 and, more importantly, when petitioner was discharged from parole on June 17, 2000, parole officials had no way of knowing whether the 298-day period petitioner spent incarcerated in local custody from March 30, 1999 to January 21, 2000 should properly be credited as parole jail time against petitioner's 1995 sentence. Although such incarceration was due to an arrest based upon new criminal charges, it would nevertheless by statute be properly credited as parole jail time against petitioner's 1995 sentence if the new charges were to culminate in a dismissal or an acquittal. (*See* Penal Law § 70.40 [3] [c] [ii].) Even if the new criminal charges were to culminate in a conviction, a portion of the time petitioner spent incarcerated in local custody during the period in question might still be properly credited as parole jail time against petitioner's 1995 sentence depending upon the period, term or maximum term of imprisonment imposed as a result of the new conviction. (*See* Penal Law § 70.40 [3] [c] [iii].)

Since the credit allocation (parole jail time versus jail time) with respect to the time petitioner spent incarcerated in local custody from March 30, 1999 to January 21, 2000 ultimately hinged upon the disposition of the new criminal charges, parole officials, under the facts and circumstances of this case, could not have made a proper statutory allocation until petitioner was sentenced on June 19, 2007. Such officials, however, did not have the luxury of postponing such allocation determination pending disposition of petitioner's new criminal charges, at least not without jeopardizing petitioner's obvious entitlement to some form of credit for the time period in question. If petitioner had not been afforded the 298 days of parole jail time credit at the time he was restored to parole supervision on January 22, 2000 or, more importantly, on June 17, 2000 when he was discharged from parole upon reaching the maximum expiration of the 1995 sentence, he would have remained subject to parole supervision and, if the conditions of parole were violated, to reincarceration in DOCS custody for an additional 298 days (approximately until April 15, 2001). If the then still pending new criminal charges ultimately culminated in a dismissal or acquittal, or a conviction with a sentence of less than 298 days, petitioner would have irretrievably lost all or some of the credit associated with his incarceration in local custody from March 30, 1999 to January 21, 2000.

The court stresses that this is not a situation where petitioner has been denied any credit for the time period in question or where parole officials failed to properly allocate such credit in the face of the established facts. Petitioner did, in fact, directly and tangibly benefit from the 298-day parole jail time credit applied against the maximum term of his 1995 sentence and, as discussed previously, parole officials had no way of knowing, at the time petitioner was restored to parole and later discharged from parole, the ultimate disposition of the then still pending new criminal charges as well as the impact of such disposition on the credit allocation determination. Under these circumstances the court finds no error in the determination to allocate 298 days of parole jail time credit, covering the period from March 30, 1999 to January 21, 2000, against the maximum term of petitioner's 1995 sentence. With that allocation found proper, the court further finds that petitioner is not entitled to any jail time credit against his 2007 sentences for the same 298-day time period. (*See Matter of Jeffrey v Ward*, 44 NY2d 812 [1978].)

Notwithstanding the foregoing, the court notes that the failure of the city respondent to certify petitioner as entitled to any jail time credit against his 2007 sentences for the entire time period between petitioner's February 14, 1999 arrest and January 21, 2000 release from local custody, based upon a finding that the entire period was already credited against petitioner's 1995 sentence, is flawed, at least in part. The 298-day period of parole jail time credit against petitioner's 1995 sentence was calculated as commencing on March 30, 1999. It is thus clear that the time petitioner spent incarcerated in local custody from his arrest on February 14, 1999 until March 30, 1999 was not, in fact, credited against petitioner's 1995 sentence. He is therefore entitled to jail time credit for that period.

Based upon all of the above, it is, therefore, the decision of the court and it is hereby adjudged, that the petition is granted, without costs or disbursements, but only to the extent that the respondent New York City Department of Correction is directed to issue an additional amended jail time certification establishing petitioner's eligibility for jail time credit against his 2007 sentences for the time period from February 14, 1999 to March 30, 1999.