1230

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), entered February 7, 2012 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging a jail time credit amendment made by the Onondaga County Sheriff's Department (Department). Petitioner was released on parole in 2008 for a 2001 conviction; the sentence of incarceration imposed with respect to that conviction had a maximum expiration date of July 4, 2009. On August 22, 2008, petitioner was arrested on new charges, was held at a local jail on those charges and a parole warrant for approximately one month, and was returned to jail on January 26, 2009. No parole violation proceedings were commenced. Petitioner was convicted of the new charges and sentenced on October 2, 2009. The Department certified that petitioner was entitled to be credited with 288 days of jail time that was to be applied toward the sentence of incarceration imposed with respect to his 2009 conviction but, after receiving a letter from the New York State Department of Corrections and Community Supervision, it issued an amended certification with a jail time credit of 95 days.

Supreme Court properly dismissed the petition. Penal Law § 70.30 (3) "provides for a credit against [the term of a definite sentence, a determinate sentence, or] the maximum term of an indeterminate sentence for time that a person spends in jail prior to the commencement of the sentence, provided that the incarceration resulted from the charge culminating in the sentence" (*Matter of Blake v Dennison*, 57 AD3d 1137, 1138 [2008], *lv denied* 12 NY3d 710 [2009]). Such credit, however, "shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision to which the person is subject" (§ 70.70 [3]). Thus, a person is prohibited "from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous sentence" (*Blake*, 57 AD3d at 1138).

Here, "[a]ny jail time served prior to the maximum expira-

tion date of the [2001] sentence was properly credited toward that sentence until it expired on its own terms on [July 4, 2009]" (*Matter of Booker v Laffin*, 98 AD3d 1213, 1213 [2012]; *see Matter of Murphy v Wells*, 95 AD3d 1575, 1576 [2012], *lv denied* 19 NY3d 811 [2012]; *Matter of Du Bois v Goord*, 271 AD2d 874, 875-876 [2000]). "Thus, the [2009] sentence was properly credited only with jail time served after the expiration of the [2001] sentence" (*Booker*, 98 AD3d at 1213-1214). In other words, "petitioner is not entitled to jail time credit against the [2009] sentence for the jail time that was credited against the [2001] sentence" (*Matter of Ivy v Goord*, 31 AD3d 1204, 1204 [2006]; *see Matter of Jeffrey v Ward*, 44 NY2d 812, 813-814 [1978]). Present—Centra, J.P., Sconiers, Valentino, Whalen and Martoche, JJ.