# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

811

CA 12-00391

PRESENT: CENTRA, J.P., SCONIERS, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF CLIFFORD GRAHAM,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

KEVIN WALSH, SHERIFF, ONONDAGA COUNTY AND
GORDON J. CUFFY, ONONDAGA COUNTY ATTORNEY,
RESPONDENTS-RESPONDENTS.

---

CLIFFORD GRAHAM, PETITIONER-APPELLANT PRO SE.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (KAREN A. BLESKOSKI OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), entered February 7, 2012 in a proceeding
pursuant to CPLR article 78.  The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
challenging a jail time credit amendment made by the Onondaga County
Sheriff's Department (Department).  Petitioner was released on parole
in 2008 for a 2001 conviction; the sentence of incarceration imposed
with respect to that conviction had a maximum expiration date of July
4, 2009.  On August 22, 2008, petitioner was arrested on new charges,
was held at a local jail on those charges and a parole warrant for
approximately one month, and was returned to jail on January 26, 2009.
No parole violation proceedings were commenced.  Petitioner was
convicted of the new charges and sentenced on October 2, 2009.  The
Department certified that petitioner was entitled to be credited with
288 days of jail time that was to be applied toward the sentence of
incarceration imposed with respect to his 2009 conviction but, after
receiving a letter from the New York State Department of Corrections
and Community Supervision, it issued an amended certification with a
jail time credit of 95 days.

Supreme Court properly dismissed the petition.  Penal Law § 70.30
(3) "provides for a credit against [the term of a definite sentence, a
determinate sentence, or] the maximum term of an indeterminate
sentence for time that a person spends in jail prior to the
commencement of the sentence, provided that the incarceration resulted
from the charge culminating in the sentence" (*Matter of Blake v*

*Dennison*, 57 AD3d 1137, 1138, *lv denied* 12 NY3d 710).  Such credit, however, "shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision to which the person is subject" (§ 70.70 [3]). Thus, a person is prohibited "from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous sentence" (*Blake*, 57 AD3d at 1138).

Here, "[a]ny jail time served prior to the maximum expiration date of the [2001] sentence was properly credited toward that sentence until it expired on its own terms on [July 4, 2009]" (*Matter of Booker v Laffin*, 98 AD3d 1213, 1213; *see Matter of Murphy v Wells*, 95 AD3d 1575, 1576, *lv denied* 19 NY3d 811; *Matter of De Bois v Goord*, 271 AD2d 874, 875-876).  "Thus, the [2009] sentence was properly credited only with jail time served after the expiration of the [2001] sentence" (*Booker*, 98 AD3d at 1213-1214).  In other words, "petitioner is not entitled to jail time credit against the [2009] sentence for the jail time that was credited against the [2001] sentence" (*Matter of Ivy v Goord*, 31 AD3d 1204, 1204; *see Matter of Jeffrey v Ward*, 44 NY2d 812, 813-814).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court