Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 15, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance (CPCS) in the fourth degree (Penal Law §§ 110.00, 220.09 [1]). As the People correctly concede, defendant’s plea was induced by a promise that Supreme Court was unable to fulfill.
 

 The record establishes that, pursuant to the terms of the negotiated plea agreement, the court agreed to sentence defendant to a definite term of one year to run concurrently with a sentence that defendant was already serving on a prior conviction and promised defendant that, as part of the agreed-upon sentence, he would receive credit for time served. The promise with respect to jail time credit, however, could not be fulfilled. Penal Law § 70.30 (3) provides that “[t]he term of a definite sentence . . . imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.” Such credit, however, “shall not include any time that is credited against the term ... of any previously imposed sentence ... to which the person is subject” (id.). Thus, “a person is prohibited ‘from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous sentence’ ” (Matter of Graham v Walsh, 108 AD3d 1230, 1230 [4th Dept 2013]; see Matter of Blake v Dennison, 57 AD3d 1137, 1138 [3d Dept 2008], lv denied 12 NY3d 710 [2009]). The correctional facility to which defendant was committed therefore properly determined that defendant was prohibited from receiving jail time credit against his sentence on the conviction of attempted CPCS in the fourth degree for the time that he had served between sentencing on the prior conviction and the subsequent sentencing proceeding (see Graham, 108 AD3d at 1230-1231; Matter of Villanueva v Goord, 29 AD3d 1097, 1098 [3d Dept 2006]).
 

 It is well established that “ ‘[a] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored’ ” (People v Collier, 22 NY3d 429, 433 [2013], cert denied 573 US —, 134 S Ct 2730 [2014]). “ The choice rests in the discretion of the sentencing court’ and ‘there is no indicated preference for one course over the other’ ” (id.). Where, as here, “the originally promised sentence cannot be imposed in strict compliance with the plea agreement, the sentencing court may impose another lawful sentence that comports with the defendant’s legitimate expectations” (id. at 434). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court to impose a sentence that comports with defendant’s legitimate expectations of the negotiated plea agreement or to afford defendant an opportunity to withdraw his plea.
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.