People v Tchiyuka (2019 NY Slip Op 00754)





People v Tchiyuka


2019 NY Slip Op 00754


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1146 KA 16-00793

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN TCHIYUKA, DEFENDANT-APPELLANT. 






HUG LAW, PLLC, ALBANY (MATTHEW C. HUG OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 22, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that his plea was induced by a promise of jail time credit that cannot legally be fulfilled. Preliminarily, we note that defendant's contention survives his waiver of the right to appeal (see People v Bethea, 133 AD3d 1033, 1034 [3d Dept 2015], lv denied 27 NY3d 992 [2016]; People v Williams, 84 AD3d 1417, 1418 [2d Dept 2011], lv denied 17 NY3d 863 [2011]; see generally People v Copes, 145 AD3d 1639, 1639 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]). Moreover, although defendant's contention is unpreserved for appellate review (see People v Williams, 27 NY3d 212, 219-225 [2016]), we exercise our power to address it as a matter of discretion in the interest of justice (see e.g. People v Smith, 160 AD3d 1475, 1475 [4th Dept 2018]; People v Muhammad, 132 AD3d 1068, 1069 [3d Dept 2015]).
With respect to the merits, it is undisputed that, as part of his plea bargain, defendant was promised 203 days of jail time credit against the custodial term of his negotiated sentence. As the People correctly concede, however, that promise cannot legally be fulfilled. Penal Law § 70.30 (3) provides that jail time credit "shall not include any time that is credited against the term . . . of any previously imposed sentence," and the 203 days at issue here were already applied by operation of law against an undischarged sentence previously imposed upon defendant for an unrelated crime (see § 70.40 [3] [c] [i]; Matter of Santora v Sheak, 120 AD2d 887, 888 [3d Dept 1986]; see also People v Drake, 155 AD3d 1584, 1585 [4th Dept 2017]; Matter of Booker v Laffin, 98 AD3d 1213, 1213 [3d Dept 2012]). Thus, under the plain language of section 70.30 (3), County Court had no power to promise defendant 203 days of jail time credit against the instant sentence (see Drake, 155 AD3d at 1585; Matter of Blake v Dennison, 57 AD3d 1137, 1138 [3d Dept 2008], lv denied 12 NY3d 710 [2009]). Contrary to the parties' assertions, however, the error in this case is not traceable in any respect to section 70.25 (2-a).
" [A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored' " (People v Collier, 22 NY3d 429, 433 [2013], cert denied 573 US 908 [2014], quoting People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]). " The choice rests in the discretion of the sentencing court' and there is no indicated preference for one course over the other' " (id.). Where, as here, "the originally promised sentence cannot be imposed in strict compliance with the plea agreement, the sentencing court may impose another lawful sentence that comports with the defendant's legitimate expectations" (id. at 434). We therefore [*2]modify the judgment by vacating the sentence, and we remit the matter to County Court either to impose a sentence that comports with defendant's legitimate expectations or to afford defendant an opportunity to withdraw his plea (see People v Collier, 79 AD3d 1162, 1163 [3d Dept 2010], affd 22 NY3d 429 [2013]; Drake, 155 AD3d at 1585). Because defendant is a second violent felony offender, any sentence of imprisonment imposed on remittal must be in "whole or half years" (Penal Law § 70.04 [2]; see People v VanValkinburgh, 90 AD3d 1553, 1554 [4th Dept 2011]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court