People v McCullen (2019 NY Slip Op 03180)





People v Mccullen


2019 NY Slip Op 03180


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


295 KA 17-00195

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER MCCULLEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 23, 2017. The judgment convicted defendant, upon his plea of guilty, of scheme to defraud in the first degree and grand larceny in the fourth degree (seven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of scheme to defraud in the first degree (Penal Law
§ 190.65 [1] [a]) and seven counts of grand larceny in the fourth degree (§ 155.30 [4]). We reject defendant's contention that his waiver of the right to appeal was invalid (see generally People v Jirdon, 159 AD3d 1518, 1519 [4th Dept 2018]; People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]). Defendant's valid waiver of his right to appeal forecloses our review of the denial of defendant's motion pursuant to CPL 210.10 (1) to dismiss the charges against him in furtherance of justice (see People v Avelar, 90 AD3d 775, 776 [2d Dept 2011]; see generally People v Wright, 66 AD3d 1334, 1334 [4th Dept 2009], lv denied 13 NY3d 912 [2009]).
We agree with defendant, however, that his plea was induced by a promise that County Court could not legally fulfill, i.e., that defendant would receive credit against his sentence for time served on the underlying indictment. Initially, we note that defendant's contention survives his valid waiver of the right to appeal (see People v Tchiyuka, 169 AD3d 1398, 1398 [4th Dept 2019]; People v Chaney, 160 AD3d 1281, 1282-1284 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]). Penal Law § 70.30 (3) provides that "the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Penal Law § 70.30 (3) further provides that "[i]n the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court . . . , the credit shall also be applied against the minimum period." That credit, however, "shall not include any time that is credited against the term . . . of any previously imposed sentence . . . to which the person is subject" (id.). Thus, "a person is prohibited from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous
sentence' " (Matter of Graham v Walsh, 108 AD3d 1230, 1230 [4th Dept 2013]; see Matter of Blake v Dennison, 57 AD3d 1137, 1138 [3d Dept 2008], lv denied 12 NY3d 710 [2009]). Inasmuch as defendant was serving a sentence on a prior conviction throughout the instant proceedings, the court could not legally fulfill its promise to credit defendant's jail time against his sentence in this matter.
It is well established that "[a] guilty plea induced by an unfulfilled promise either must be [*2]vacated or the promise honored" (People v Drake, 155 AD3d 1584, 1585 [4th Dept 2017] [internal quotation marks omitted]; see People v Collier, 22 NY3d 429, 433 [2013], cert denied 573 US 908 [2014]). "Where, as here, the originally promised sentence cannot be imposed in strict compliance with the plea agreement, the sentencing court may impose another lawful sentence that comports with the defendant's legitimate expectations" (Drake, 155 AD3d at 1585 [internal quotation marks omitted]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose a sentence that comports with defendant's legitimate expectations of the negotiated plea agreement or to afford defendant an opportunity to withdraw his plea (see id.).
In light of this conclusion, we need not reach defendant's further contention that his sentence is unduly harsh and severe, which in any event is encompassed by his valid waiver of the right to appeal (see People v Castro, 162 AD3d 1753, 1753 [4th Dept 2018], lv denied 32 NY3d 1002 [2018]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court