Matter of Moore v Annucci (2019 NY Slip Op 04544)





Matter of Moore v Annucci


2019 NY Slip Op 04544


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


124 CA 18-00045

[*1]IN THE MATTER OF MELVIN MOORE, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND PATRICK M. O'FLYNN, SHERIFF OF MONROE COUNTY, RESPONDENTS-RESPONDENTS. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENT-RESPONDENT ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY

MONROE COUNTY. 


 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered November 24, 2017 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging a jail time credit determination made by the Monroe County Sheriff's Department. Petitioner was sentenced in 1986 to concurrent terms of incarceration, the longest of which was 10 to 20 years. He was released on parole in 1998 but was thereafter declared delinquent as of November 1, 1999. Petitioner was arrested on December 27, 1999 on a variety of charges (the new charges), and a parole violation warrant was lodged against him the following day. By a release order dated December 30, 1999, petitioner was released from custody on the new charges, but he remained incarcerated at the Monroe County Jail on the parole violation. Petitioner was re-arrested on the new charges on December 5, 2001. Following his conviction on several of those charges, defendant was sentenced on April 25, 2003.
Petitioner contends that the 704 days of jail time between December 31, 1999 and December 4, 2001 should have been credited against the term of the sentence on his 2003 conviction. We reject that contention. Because petitioner was in custody during that 704-day period on the parole violation warrant, the credit accrued during this period applied, by operation of law, to the interrupted 1986 sentence, even if, as petitioner contends, he should not have been "released" on the new charges on December 30, 1999 (see Penal Law
§ 70.40 [3] [c]; Matter of Ellis v Head Clerk, Otisville Correctional Facility, 128 AD2d 525, 526-527 [2d Dept 1987]). Pursuant to Penal Law § 70.30 (3), "petitioner is not entitled to jail time credit against the [2003] sentence for the jail time that was [properly] credited against the [1986] sentence" (Matter of Graham v Walsh, 108 AD3d 1230, 1231 [4th Dept 2013] [internal [*2]quotation marks omitted]; see Matter of Smith v Annucci, 162 AD3d 1430, 1431-1432 [3d Dept 2018], lv denied 32 NY3d 909 [2018]; Matter of Jones v New York State Dept. of Corr. Servs., 305 AD2d 891, 892 [3d Dept 2003], appeal dismissed 100 NY2d 613 [2003]). Supreme Court thus properly dismissed the petition.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court