Matter of Lago v Wells (2019 NY Slip Op 05462)





Matter of Lago v Wells


2019 NY Slip Op 05462


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


763 CA 18-01447

[*1]IN THE MATTER OF JAMES S. LAGO, PETITIONER-APPELLANT,
v
KEVIN M. WELLS, SHERIFF, ST. LAWRENCE COUNTY, AND ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-RESPONDENT ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION.
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR RESPONDENT-RESPONDENT KEVIN M. WELLS, SHERIFF, ST. LAWRENCE COUNTY. 


 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered July 13, 2018 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding challenging the calculation of his prison sentence, petitioner appeals from a judgment dismissing his petition. Petitioner was convicted of several felony offenses in 2008 and 2010 and was sentenced to an aggregate maximum prison term of nine years. Following his release to parole supervision, petitioner was charged with a new felony offense and was held in a local jail during the pendency of that action. In 2016, petitioner was convicted of the new felony and was sentenced, as a second felony offender, to a prison term of 3½ to 7 years, to run consecutively to the undischarged sentence (see Penal Law § 70.25
[2-a]). The St. Lawrence County Sheriff and the Department of Corrections and Community Supervision applied to petitioner's undischarged sentence a jail time credit for a period of approximately three months that petitioner spent in the local jail during the pendency of the 2016 action and after he was restored to parole supervision. Petitioner contends that Supreme Court erred in dismissing the petition because that time was improperly credited against the undischarged parole sentence rather than the 2016 sentence. We affirm.
As a preliminary matter we note that, contrary to the contention of respondent Kevin M. Wells, Sheriff, St. Lawrence County, petitioner's appeal is properly taken as of right because the proceeding below culminated in a judgment (see CPLR 411, 5701 [a] [1]; 7806).
A person is prohibited from receiving jail time credit against a subsequent sentence when such credit has already been applied against the maximum term of a previously imposed sentence to which that person is subject (see Penal Law § 70.30 [3]; Matter of Graham v Walsh, 108 AD3d 1230, 1230 [4th Dept 2013]). Petitioner contends that the credit cannot be applied against [*2]his prior sentence because he is no longer incarcerated on that sentence. We reject that contention. A person continues to serve his or her sentence while on parole (§ 70.40 [1] [a]). Moreover, a person who is on parole remains on parole even when that person is incarcerated in a local jail (see People ex rel. Hayes v New York State Dept. of Correctional Servs., 78 AD3d 1591, 1592 [4th Dept 2010], lv denied 16 NY3d 705 [2011]). Here, the jail time credit was properly applied to reduce petitioner's undischarged sentence of parole, which had resumed running (see Penal Law § 70.30 [3]), and "that time period may not also be credited to the [2016] sentence" (Matter of Maldonado v Howard, 148 AD3d 1501, 1502 [3d Dept 2017], lv denied 29 NY3d 916 [2017]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court